David C. Reymann (8495) (dreymann@parrbrown.com)
Sean M. Sigillito (20101) (ssigillito@parrbrown.com)
Carissa A. Uresk (18114) (curesk@parrbrown.com)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840

Cameron Stracher (admitted *pro hac vice*) (cam@stracherlaw.com)
Sara Tesoriero (admitted *pro hac vice*) (sara@stracherlaw.com)
**CAMERON STRACHER, PLLC**
1133 Broadway, Suite 516
New York, New York 10010
Telephone: (646) 992-3850

Attorneys for Defendant Jeff Jenkins Productions LLC

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARCIANO BRUNETTE,<br><br>Plaintiff,<br><br>v.<br><br>DEMI ENGEMANN and JEFF JENKINS PRODUCTIONS LLC,<br><br>Defendants. | **DEFENDANT JEFF JENKINS PRODUCTIONS LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br><br>Case No. 2:25-cv-01102-DAO<br><br>Magistrate Judge Daphne A. Oberg |

Defendant Jeff Jenkins Productions LLC (Defendant or Jenkins), by and through

undersigned counsel, hereby responds to the Complaint filed by Plaintiff Marciano Brunette

(Plaintiff or Brunette) as follows:

**INTRODUCTION**

1.      The allegations in Paragraph 1 of the Complaint consist of legal conclusions and therefore do not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2.       Defendant admits that Plaintiff and Defendant Demi Engemann (Engemann) participated in the reality television show *Vanderpump Villa* in August 2024, that Engemann appears in the reality television show *The Secret Lives of Mormon Wives* (the Series), that Engemann has made statements about Plaintiff on social media and in interviews, refers the Court to the relevant social media posts and interviews for the accurate contents therein, and otherwise denies the allegations in Paragraph 2.

3.      Defendant admits that Plaintiff and Engemann interacted while filming *Vanderpump Villa* in Italy and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 3 and therefore denies them.

4.      Defendant refers the Court to the relevant statements made by Engemann for the accurate contents therein and otherwise denies the allegations in Paragraph 4.

5.      Defendant admits that it produces the Series, refers the Court to the Series for the accurate contents therein, and otherwise denies the allegations in Paragraph 5.

6.      Defendant refers the Court to the Series and to Engemann's relevant statements for the accurate contents therein and otherwise denies the allegations in Paragraph 6.

7.      Defendant admits that Plaintiff has brought this lawsuit based on statements about him and otherwise denies the allegations in Paragraph 7.

**PARTIES**

8.      Defendant admits that Plaintiff participated in Seasons 1 and 2 of the reality television show *Vanderpump Villa*, admits, upon information and belief, that Plaintiff is a resident and citizen of Las Vegas, Nevada, and otherwise denies the allegations in Paragraph 8.

9.      Defendant admits, upon information and belief, that Engemann is a citizen and resident of Utah, admits that Engemann appears in the Series, that parts of the Series are filmed in Utah, that Engemann has also appeared on *Vanderpump Villa*, that Engemann has a social media presence, refers the Court to Engemann's TikTok and Instagram accounts for the relevant follower information, and otherwise denies the allegations in Paragraph 9.

10.      Defendant admits that it is a Delaware Limited Liability Company with its principal place of business in California, that it produces reality television programming, including the Series, and that the Series is broadcast to the public, and otherwise denies the allegations in Paragraph 10.

11.      Defendant denies the allegations in Paragraph 11.

**JURISDICTION**

12.      Defendant admits that this Court has subject matter jurisdiction over this action because the parties are diverse in citizenship and the amount of damages claimed by Plaintiff exceeds $75,000, and otherwise denies the allegations in Paragraph 12.

13.      Defendant admits that it is a citizen of California, denies that it has three members, and admits the remaining allegations in Paragraph 13 on information and belief.

14.      Defendant admits, upon information and belief, that this Court has personal jurisdiction over Engemann and otherwise denies the allegations in Paragraph 14.

3

15. Defendant admits that this Court has personal jurisdiction over Defendant because the Series was produced in Utah and otherwise denies the allegations in Paragraph 15.

16. Defendant admits the allegations in Paragraph 16.

17. Defendant admits that venue is proper in this District and otherwise denies the allegations in Paragraph 17.

**FACTUAL ALLEGATIONS**

18. Defendant admits that the Series is a reality television series that follows a group of Utah-based social media influencers dubbed "MomTok" and otherwise denies the allegations in Paragraph 18.

19. Defendant admits the allegations in Paragraph 19.

20. Defendant admits that Engemann was on the Series for three seasons and otherwise denies the allegations in Paragraph 20.

21. Defendant admits that Season 1 of the Series was released on Hulu on September 6, 2024, Season 2 was released on May 15, 2025, and Season 3 was released on November 13, 2025, that Season 1 was reportedly Hulu's most-watched unscripted season premiere of 2024, and that it was announced that the Series was renewed for a fourth season on November 25, 2025, and otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 21 and therefore denies them.

22. Defendant admits, upon information and belief, the allegations in Paragraph 22.

23. Defendant admits, upon information and belief, the allegations in Paragraph 23.

24. Defendant admits, upon information and belief, the allegations in Paragraph 24.

25.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies them.

26.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies them.

27.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies them.

28.     Defendant denies the allegations in Paragraph 28.

29.     Defendant admits, upon information and belief, the allegations in Paragraph 29.

30.     Defendant admits, upon information and belief, that video and audio recorders capture recordings of the chateau and grounds that were featured in *Vanderpump Villa* and otherwise lacks sufficient knowledge or information to form a belief as to truth of the allegations in Paragraph 30 and therefore denies them.

31.     Defendant admits, upon information and belief, that Engemann and Plaintiff interacted during Engemann's time on *Vanderpump Villa* but lacks sufficient knowledge or information to form a belief as to whether the interaction was "extensive" and therefore denies the remaining allegations in Paragraph 31.

32.     Defendant refers the Court to Season 2 of *Vanderpump Villa* for the accurate contents therein, admits, upon information and belief, that there were additional interactions between Plaintiff and Engemann that were not aired, and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies them.

33. The allegations in Paragraph 33 consist of legal conclusions and therefore do not require a response. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies them.

34. Defendant refers the Court to *Vanderpump Villa* for the accurate contents therein and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies them.

35. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies them.

36. Defendant refers the Court to the statements by Engemann referenced in Paragraph 36 for the accurate contents therein and otherwise denies the allegations in Paragraph 36.

37. Defendant refers the Court to the statements by Engemann referenced in Paragraph 37 for the accurate contents therein and otherwise denies the allegations in Paragraph 37.

38. Defendant refers the Court to the statements by Engemann referenced in Paragraph 38 for the accurate contents therein and otherwise denies the allegations in Paragraph 38.

39. Defendant refers the Court to the statements by Engemann referenced in Paragraph 39 for the accurate contents therein and otherwise denies the allegations in Paragraph 39.

40.     Defendant refers the Court to the statements by Engemann referenced in Paragraph 40 for the accurate contents therein and otherwise denies the allegations in Paragraph 40.

41.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies them.

42.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42 and its subparts and therefore denies them.

43.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.

44.     Defendant refers the Court to the text messages referenced in Paragraph 44 for the accurate contents therein and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them.

45.     Defendant refers the Court to the text messages referenced in Paragraph 45 for the accurate contents therein and otherwise denies the allegations in Paragraph 45.

46.     Defendant refers the Court to the text messages referenced in Paragraph 46 for the accurate contents therein and otherwise denies the allegations in Paragraph 46.

47.     Defendant refers the Court to the text messages referenced in Paragraph 47 for the accurate contents therein and otherwise denies the allegations in Paragraph 47.

48.     Defendant refers the Court to the text messages referenced in Paragraph 48 for the accurate contents therein and otherwise denies the allegations in Paragraph 48.

49.     Defendant refers the Court to the text messages referenced in Paragraph 49 for the accurate contents therein and otherwise denies the allegations in Paragraph 49.

7

50.    Defendant refers the Court to the text messages referenced in Paragraph 50 for the accurate contents therein and otherwise denies the allegations in Paragraph 50.

51.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51 and therefore denies them.

52.    Defendant admits the allegations in Paragraph 52.

53.    Defendant denies the allegations in Paragraph 53.

54.    Defendant refers the Court to the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 54.

55.    Defendant refers the Court to the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 55.

56.    Defendant denies the allegations in Paragraph 56.

57.    Defendant admits that Hulu hosted an event in April 2025 that cast members from *Vanderpump Villa* and the Series were invited to and that Plaintiff claims his invitation to the event was rescinded because of Engemann and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them.

58.    Defendant refers the Court to the TikTok video referenced in Paragraph 58 for the accurate contents therein, admits upon information and belief that *Vanderpump Villa* Season 2 had not yet been released as of April 21, 2025, and otherwise denies the allegations in Paragraph 58.

59.    Defendant refers the Court to the social media post identified in Paragraph 59 for the accurate contents therein and otherwise denies the allegations in Paragraph 59.

60.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore denies them.

61.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them.

62.    Defendant refers the Court to the Instagram comment referenced in Paragraph 62 for the accurate contents therein and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them.

63.    Defendant refers the Court to the Instagram post referenced in Paragraph 63 for the accurate contents therein and otherwise denies the allegations in Paragraph 63.

64.    Defendant admits, upon information and belief, that Season 2 of *Vanderpump Villa* was released on April 24, 2025, refers the Court to *Vanderpump Villa* for the accurate contents therein, and otherwise denies the allegations in Paragraph 64.

65.    Defendant admits that Season 2 included a reunion episode that was filmed in April 2025 and otherwise denies the allegations in Paragraph 65.

66.    Defendant refers the Court to the Season 2 Reunion Episode for the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 66.

67.    Defendant admits that the Season 2 Reunion Episode aired on July 1, 2025, and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies them.

68.    Defendant refers the Court to the interview referenced in Paragraph 68 for the accurate contents therein and otherwise denies the allegations in Paragraph 68.

9

69.   Defendant admits that Engemann appeared on a podcast called "The Villa Files" on or around May 15, 2025, refers the Court to the podcast for the accurate contents therein, and otherwise denies the allegations in Paragraph 69.

70.   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 70 and therefore denies that allegation.

71.   Defendant refers the Court to the podcast referenced in Paragraph 69 for the accurate contents therein and otherwise denies the allegations in Paragraph 71.

72.   Defendant refers the Court to Season 3 of the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 72.

73.   Defendant admits that Season 2 of the Series was released on May 15, 2025, refers the Court to Season 2 of the Series for the accurate contents therein, and otherwise denies the allegations in Paragraph 73.

74.   Defendant refers the Court to Season 2 of the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 74.

75.   Defendant admits the allegations in Paragraph 75.

76.   Defendant lacks sufficient knowledge or information to form a belief as to Engemann's state of mind and therefore denies the allegations in Paragraph 76.

77.   Defendant denies the allegations in Paragraph 77.

78.   Defendant refers the Court to the Instagram post referenced in Paragraph 78 and otherwise denies the allegations in Paragraph 78.

79.   Defendant refers the Court to the Instagram post referenced in Paragraph 79 and otherwise denies the allegations in Paragraph 79.

80.    Defendant denies the allegations directed to Defendant in Paragraph 80 and otherwise lacks knowledge or information to form a belief about Engemann's state of mind and therefore denies the remaining allegations in Paragraph 80.

81.    Defendant denies the allegations in Paragraph 81.

82.    Defendant admits that Jeff Jenkins posted the trailer for Season 3 of the Series in September 2025, refers the Court to the trailer for the accurate contents therein, and otherwise denies the allegations in Paragraph 82.

83.    Defendant admits the allegations in Paragraph 83.

84.    Defendant refers the Court to Season 3 of the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 84.

85.    Defendant refers the Court to Season 3, Episode 6 of the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 85.

86.    Defendant refers the Court to Season 3, Episode 6 of the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 86.

87.    Defendant refers the Court to Season 3, Episode 6 of the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 87.

88.    Defendant refers the Court to Season 3, Episode 6 of the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 88.

89.    Defendant refers the Court to Season 3, Episode 6 of the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 89.

90.    Defendant refers the Court to Season 3, Episode 7 of the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 90.

91. Defendant refers the Court to Season 3, Episode 8 of the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 91.

92. Defendant refers the Court to Season 3, Episode 8 of the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 92.

93. Defendant refers the Court to Season 3, Episode 8 of the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 93.

94. Defendant refers the Court to Season 3, Episode 8 of the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 94.

95. Defendant refers the Court to Season 3, Episode 9 of the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 95.

96. Defendant refers the Court to Season 3, Episode 10 of the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 96.

97. Defendant admits that the Season 3 Reunion Episode for the Series was filmed in the fall of 2025 and aired on December 4, 2025, refers the Court to the Reunion Episode for the accurate contents therein, and otherwise denies the allegations in Paragraph 97.

98. Defendant refers the Court to the Season 3 Reunion Episode for the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 98.

99. Defendant refers the Court to the Season 3 Reunion Episode for the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 99.

100. Defendant refers the Court to the Season 3 Reunion Episode for the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 100.

101. Defendant denies the allegation in Paragraph 101.

102.    Defendant denies the allegation in Paragraph 102.

103.    Defendant refers the Court to Season 3, Episode 6 of the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 103.

104.    Defendant refers the Court to Season 3, Episode 9 of the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 104.

105.    Defendant refers the Court to Season 3, Episode 6 of the Series for the accurate contents therein and otherwise denies the allegations in Paragraph 105.

106.    Defendant refers the Court to the Entertainment Tonight interview referenced in Paragraph 106 for the accurate contents therein and otherwise denies the allegations in Paragraph 106.

107.    Defendant admits that the Series included aired footage from *Vanderpump Villa* and otherwise denies the allegations in Paragraph 107.

108.    Defendant denies the allegations directed to Defendant in Paragraph 108 and otherwise lacks knowledge or information about what Engemann said in private and therefore denies the remaining allegations in Paragraph 108.

109.    Defendant refers the Court to the Series for the accurate content therein and otherwise denies the allegations in Paragraph 109.

110.    Defendant denies the allegations in Paragraph 110.

111.    Defendant denies the allegations in Paragraph 111.

112.    Defendant denies the allegations in Paragraph 112.

113.    Defendant denies the allegations in Paragraph 113.

114.    Defendant denies the allegations in Paragraph 114.

115.    Defendant admits, upon information and belief, that video and audio recorders capture audio and video recordings of the chateau and surrounding grounds featured in *Vanderpump Villa* and otherwise lacks sufficient knowledge or information to form a belief as to truth of the allegations in Paragraph 115 and therefore denies them.

116.    Defendant refers the Court to the Access Hollywood interview referenced in Paragraph 116 for the accurate contents therein and otherwise denies the allegations in Paragraph 116.

117.    Defendant refers the Court to the statements by Eda Kalkay identified in Paragraph 117 for the accurate contents therein and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 117 and therefore denies them.

118.    Defendant refers the Court to the Instagram post and comments referenced in Paragraph 118 for the accurate contents therein and otherwise denies the allegations in Paragraph 118.

119.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 119 and therefore denies them.

120.    Defendant refers the Court to the Instagram post and comments referenced in Paragraph 120 for the accurate contents therein and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 120 and therefore denies them.

121.     Defendant refers the Court to the Instagram post referenced in Paragraph 121 for the accurate contents therein and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 121 and therefore denies them.

122.     Defendant refers the Court to the Entertainment Tonight interview referenced in Paragraph 122 for the accurate contents therein and otherwise denies the allegations in Paragraph 122.

123.     Defendant denies the allegations in Paragraph 123.

124.     Defendant denies the allegations in Paragraph 124.

125.     Defendant lacks sufficient knowledge or information to form a belief as to whether Plaintiff received a contract to appear on a reality dating competition show and otherwise denies the allegations in Paragraph 125.

126.     Defendant lacks sufficient knowledge or information to form a belief as to whether Plaintiff had an opportunity to guest DJ at a Las Vegas nightclub and otherwise denies the allegations in Paragraph 126.

127.     Defendant admits that Plaintiff did not participate in the Season 3 Reunion Episode and otherwise denies the allegations in Paragraph 127.

128.     Defendant denies the allegations in Paragraph 128.

129.     Defendant denies the allegations in Paragraph 129.

130.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 130 and therefore denies them.

131.   Defendant refers the Court to the TikTok post and comments referenced in Paragraph 131 for the accurate contents therein and otherwise denies the allegations in Paragraph 131.

132.   Defendant refers the Court to the TikTok post and comments referenced in Paragraph 132 for the accurate contents therein and otherwise denies the allegations in Paragraph 132.

## CAUSES OF ACTION

### COUNT ONE
### (Defamation)

133.   Defendant realleges and incorporates by reference its response to the allegations in Paragraphs 1 through 132 as if set forth herein in response to Paragraph 133.

134.   Defendant denies the allegations in Paragraph 134.

135.   Defendant admits that it has published statements regarding Plaintiff in the Series and otherwise denies the allegations in Paragraph 135.

136.   Defendant denies the allegations in Paragraph 136.

137.   Defendant denies the allegations in Paragraph 137.

138.   Defendant denies the allegations in Paragraph 138.

139.   Defendant denies the allegations in Paragraph 139.

140.   Defendant denies the allegations in Paragraph 140.

141.   Defendant denies the allegations in Paragraph 141.

142.   Defendant denies the allegations in Paragraph 142.

**COUNT TWO**
**(Defamation Per Se)**

143.    Defendant realleges and incorporates by reference its response to the allegations in Paragraphs 1 through 132 as if set forth herein in response to Paragraph 143.

144.    Defendant admits the allegations in Paragraph 144.

145.    Defendant denies the allegations in Paragraph 145.

146.    Defendant denies the allegations in Paragraph 146.

147.    Defendant denies the allegations in Paragraph 147.

148.    Defendant denies the allegations in Paragraph 148.

149.    Defendant denies the allegations in Paragraph 149.

150.    Defendant denies the allegations in Paragraph 150.

**COUNT THREE**
**(Defamation by Implication)**

151.    Defendant realleges and incorporates by reference its response to the allegations in Paragraphs 1 through 132 as if set forth herein in response to Paragraph 151.

152.    Defendant admits the allegations in Paragraph 152.

153.    Defendant denies the allegations in Paragraph 153.

154.    Defendant denies the allegations in Paragraph 154.

155.    Defendant denies the allegations in Paragraph 155.

156.    Defendant denies the allegations in Paragraph 156.

157.    Defendant denies the allegations in Paragraph 157.

## COUNT FOUR
### (False Light)

158.    Defendant realleges and incorporates by reference its response to the allegations in Paragraphs 1 through 132 as if set forth herein in response to Paragraph 158.

159.    Defendant denies the allegations in Paragraph 159.

160.    Defendant denies the allegations in Paragraph 160.

161.    Defendant denies the allegations in Paragraph 161.

162.    Defendant denies the allegations in Paragraph 162.

## COUNT FIVE
### (Tortious Interference with Economic Relations)

Count Five is not brought against Defendant Jenkins and therefore no response is required.

## COUNT SIX
### (Business Disparagement)

Count Six is not brought against Defendant Jenkins and therefore no response is required.

## PRAYER FOR RELIEF

To the extent required, Defendant denies the allegations contained in the unnumbered Paragraph under "Prayer for Relief" following Paragraph 170, including all subparts of that Paragraph, and denies that Plaintiff is entitled to any of the relief requested.

## JURY DEMAND

Defendant admits that Plaintiff has demanded trial by jury and otherwise denies that Plaintiff is entitled to any of the relief requested.

## GENERAL DENIAL

Defendant denies all allegations, declarations, claims, or assertions in the Complaint that are not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

By alleging the separate and additional defenses set forth below, Defendant is not in any way agreeing or conceding that it has the burden of proof or the burden of persuasion on any of these issues.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and laches.

3. Plaintiff's Complaint is barred, in whole or in part, by the equitable doctrine of unclean hands.

4. Plaintiff's Complaint fails, in whole or in part, because Defendant's conduct at all times was protected by the First and Fourteenth Amendments to the U.S. Constitution, Article 1, § 15 of the Utah Constitution, and any other applicable constitution.

5. Plaintiff's Complaint fails, in whole or in part, because Defendant's conduct was reasonable, legally justified, and/or privileged and cannot give rise to any liability on its part.

6. Plaintiff's Complaint fails, in whole or in part, because the statements Plaintiff relies on are true or substantially true.

7. Plaintiff's Complaint fails, in whole or in part, because Plaintiff is a public figure for the purposes of all matters alleged in the Complaint, and Plaintiff has not alleged, and cannot

prove by clear and convincing evidence, that Defendant published any statement or implications about Plaintiff with actual malice.

8.      Plaintiff's Complaint fails, in whole or in part, because, even if Plaintiff were not a public figure, Plaintiff has not alleged, and cannot prove, that Defendant published any statement or implications about Plaintiff with the requisite degree of fault.

9.      Plaintiff's Complaint fails, in whole or in part, because the alleged statements that form the basis of Plaintiff's claims are not defamatory.

10.     Plaintiff's Complaint fails, in whole or in part, because Defendant's alleged conduct is protected by the neutral reportage doctrine.

11.     Plaintiff's Complaint fails, in whole or in part, because Plaintiff has not suffered any actual damages caused by Defendant's actions.

12.     Plaintiff's Complaint fails, in whole or in part, because Plaintiff's damages, if any, are vague, uncertain, and speculative.

13.     Plaintiff's Complaint, to the extent that it seeks injunctive relief, is barred because the injury or damage allegedly suffered by Plaintiff, if any, would be adequately compensated in an action at law for damages, and therefore Plaintiff is not entitled to seek equitable relief.

14.     Plaintiff's Complaint, to the extent that it seeks injunctive relief, is barred because the imposition of injunctive relief would be unconstitutional prior restraint in violation of the First and Fourteenth Amendments to the U.S. Constitution, Article 1, § 15 of the Utah Constitution, and any other applicable constitution.

20

15. Plaintiff's Complaint, to the extent that it seeks punitive damages against Defendant, violates Defendant's rights under the Fifth and Fourteenth Amendments to the United States Constitution, and applicable state constitutions.

16. Plaintiff is not entitled to punitive damages from Defendant because Defendant's alleged conduct does not rise to the requisite level of culpability to justify an award of such damages.

17. Plaintiff has failed to mitigate his damages, if any.

18. Plaintiff's Complaint fails, in whole or in part, because Plaintiff's injuries, if any, were caused by persons or entities other than Defendant.

19. Plaintiff's Complaint fails, in whole or in part, because any injuries or damages allegedly suffered by Plaintiff were not proximately caused by any acts or omissions of Defendant.

20. Plaintiff's Complaint fails, in whole or in part, because Plaintiff's claims arise from actions by Defendant in furtherance of its free speech rights under the U.S. and/or Utah Constitution in connection with a matter of public concern, and Plaintiff cannot establish a probability of prevailing on the merits.

21. Plaintiff's Complaint is barred, in whole or in part, because Defendant has not acted with the requisite degree of knowledge, intent, or fault.

22. Defendant is entitled to an award of its costs, reasonable attorney fees, and reasonable litigation expenses incurred in connection with this mater, including under the Uniform Public Expression Protection Act, Utah Code § 78B-25-101, *et seq.*, because this action is without merit and based on Defendant's exercise of their rights of freedom of speech and of

the press guaranteed by the United States Constitution and the Utah Constitution on matters of public concern.

23. Some or all of Plaintiff's claims are barred, in whole or in part, because the statements at issue are not capable of defamatory meaning and/or constitute non-actionable opinion.

24. Some or all of Plaintiff's claims are barred, in whole or in part, because the statements at issue are expressions of pure opinion and/or are opinion based on disclosed facts.

25. Some or all of Plaintiff's claims are barred, in whole or in part, because the statements at issue are not of and concerning Plaintiff to the requisite degree of fault.

26. Some or all of Plaintiff's claims are barred, in whole or in part, because the statements at issue are not defamatory per se and Plaintiff has not satisfied the pleading requirements, including special damages for defamation and defamation per quod claims.

27. At all times, Defendant exercised the requisite degree of care and prudence in undertaking the conduct of which Plaintiff complains.

28. Some or all of Plaintiff's claims are barred because any alleged damages suffered by Plaintiff was proximately caused by his own negligence and/or actions and/or fault, which was or were equal to or greater than any fault of Defendant. Alternatively, Plaintiff's damages must be reduced because any such damages were proximately caused by his own comparative fault, which must be measured and compared against any alleged fault of Defendant.

29. Defendant hereby gives notice that it intends to request allocation of fault to Plaintiff and to any non-parties pursuant to Utah Code § 78B-5-817 *et seq.* and to seek separate and special verdicts allocating such fault. The basis for this allocation will be the subject of

discovery.  At a minimum, to the extent Plaintiff suffered any reputational injury, such injury was caused by Plaintiff's own conduct, not Defendant's constitutionally protected conduct.

## ADDITIONAL DEFENSES

Defendant hereby gives notice that, due to incomplete knowledge as to the matters set forth in the Complaint, it is unable to determine whether Defendant has additional defenses not expressly enumerated in the preceding Paragraphs or elsewhere in this Answer.  Defendant thus reserves the right to amend its Answer to assert additional defenses and to rely upon those additional defenses to the extent they become available or apparent during discovery or further proceedings in this action.

RESPECTFULLY SUBMITTED this 17th day of February 2026.

/s/ David C. Reymann

**PARR BROWN GEE & LOVELESS, P.C.**
David C. Reymann
Sean M. Sigillito
Carissa A. Uresk

**CAMERON STRACHER, PLLC**
Cameron Stracher
Sara C. Tesoriero

Attorneys for Defendant Jeff Jenkins Productions LLC

23