# Exhibit 2

**DYNAMIS LLP**
ERIC S. ROSEN (*pro hac vice*)
BROOKE WATSON (*pro hac vice*)
erosen@dynamisllp.com
bwatson@dynamisllp.com
(617) 802-9157
175 Federal Street, Suite 1200
Boston, Massachusetts 02110

JAMIE H. SOLANO (*pro hac vice*)
CAROLINE McHUGH (*pro hac vice*)
jsolano@dynamisllp.com
cmchugh@dynamisllp.com
(973) 295-5495
233 Broadway, Suite 1750
New York, NY 10279

YUSEF AL-JARANI (*pro hac vice*)
yaljarani@dynamisllp.com
(213) 283-0685
1100 Glendon Avenue, 17th Floor
Los Angeles, California 90024

**Parkinson | Benson | Potter**
D. Loren Washburn
Cliff Parkinson
loren@pbp.law
cliff@pbp.law
801-643-1420
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098

*Attorneys for Plaintiff Marciano Brunette*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH
## CENTRAL DIVISION

MARCIANO BRUNETTE,

    *Plaintiff,*

v.

DEMI ENGEMANN and JEFF JENKINS
PRODUCTIONS, LLC,

    *Defendants.*

No. 2:25-cv-01102-TC-DAO

**DECLARATION OF JAMIE SOLANO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO JJP'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF HIS MOTION UNDER FRCP 56(d)**

I, Jamie Hoxie Solano, Esq., hereby declare the following:

1. I am an attorney for Plaintiff in the above-captioned case and a Partner at the law firm of Dynamis LLP. Dynamis LLP has been retained to represent Plaintiff since November 2025.

1

Dynamis LLP and Parkinson, Benson, Potter (hereinafter, "Plaintiff's Counsel") represent Plaintiff in this lawsuit.

2. On December 16, 2025, Cameron Stracher emailed Plaintiff's Counsel and stated that he had been retained to represent Defendant Jeff Jenkins Productions, LLC ("JJP") in this lawsuit.

3. On January 27, 2026, Plaintiff's Counsel emailed JJP's counsel and asked if they would be willing to stipulate to a litigation schedule. JJP's counsel declined.

4. At no time did Plaintiff's Counsel give JJP's lawyers permission to communicate with Plaintiff. From December 16, 2025 through February 17, 2026, no attorney from JJP sought permission to communicate with Plaintiff, nor did any JJP attorney inform Plaintiff's Counsel that a legal document had been sent to Plaintiff with the instructions that he "had to sign" the document.

5. At no time following Brunette signing the document sent to him through February 17, 2026 did JJP's lawyers contact Plaintiff's Counsel about Plaintiff purportedly settling his claims in this case against JJP. Plaintiff's Counsel first learned of the document when JJP filed it as Exhibit 2 to its motion for summary judgment (hereinafter, the "2026 Document").

6. Plaintiff's Counsel would not have advised Plaintiff to sign the 2026 Document that JJP sent to him.

7. Plaintiff's Counsel is not aware of JJP attempting to mediate this dispute, nor has JJP asserted that it is required to be arbitrated.

8. On February 24, 2026, the undersigned sent JJP's lawyers a cease-and-desist letter demanding that JJP stop communicating with Plaintiff outside the presence of his counsel and requesting all communications about the 2026 Document. A true and correct copy of the letter is attached to this Declaration as Exhibit 3.

2

9.   In response, JJP's lawyers ignored the request for communications surrounding the 2026 Document and stated only that JJP's attorneys had not *spoken* with Plaintiff and that the 2026 Document was not drafted "specifically for Brunette." A true and correct copy of the email response is attached to this Declaration as <u>Exhibit 4</u>.

10. To date, JJP has not produced a single communication regarding the 2026 Document, nor has anyone from JJP committed to producing such communications, notwithstanding that JJP has filed an Answer in this case. This is true even though Plaintiff's Counsel raised the request again during the parties' Rule 26 conference.

11. JJP has not paid Plaintiff's Counsel any consideration for the purported release of Brunette's claims.

12. Plaintiff has been unable to obtain discovery from JJP. In addition to ignoring our February 24, 2026 request for communications surrounding the release, during the parties' meet and confer in advance of the parties' joint status report submission, JJP indicated that it intended to contest proceeding forward with discovery in this case until after the Court resolved the pending motions.

13. Plaintiff has not even received initial disclosures from the Defendants, much less traditional discovery.

14. Based on my review of several purported agreements that JJP has used with castmates, questions of confidentiality obligations would discourage third parties from providing information to Plaintiff outside the course of the traditional discovery process.

15. Plaintiff needs discovery from JJP, Defendant Demi Engemann, and other third parties to fully respond to several issues of material fact in dispute in this case, including the following:

a.  Whether JJP's conduct that gives rise to the claims at issue in this case was done intentionally, willfully, or in a grossly negligent manner, such that New York public policy would prohibit its release.

b.  What and when JJP knew and was told about Engemann's false accusations that Brunette sexually assaulted her, lied about their interactions, and was a sexual predator.

c.  The steps JJP took (if any) to determine whether Engemann's accusations were truthful prior to publishing them.

d.  Evidence of JJP's motivation to publish false statements that would nonetheless be profitable.

e.  Communications surrounding filming Brunette at a bar in Utah in January 2026 and the signing and ratification of the 2026 Document, including communications between Mr. McWhorter and JJP about filming and internal discussions amongst JJP personnel regarding the intent, purpose, and legal import of the 2026 Document.

16. The following exhibits are true and accurate copies as described:

a.  Attached hereto as Exhibit 5 is an article titled "Lisa Vanderpump Defends Vanderpump Villa's Marciano Amid 'Mormon Wives' Star Demi Engemann's Sexual Misconduct Claims" published by *Us Weekly*, dated November 25, 2025, last accessed on March 27, 2026 at the following URL: https://www.usmagazine.com/entertainment/news/lisa-vanderpump-defends-mormon-wives-marciano-from-demis-claims/.

4

b. Attached hereto as <u>Exhibit 6</u> is a post published on Instagram by the account "@demilucymay," purporting to belong to Engemann, dated November 24, 2025, last accessed on March 27, 2026.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 27, 2026

*/s/ Jamie Solano*
Jamie Solano

5