# Exhibit 3



**February 24, 2026**

<u>VIA ELECTRONIC MAIL</u>

David C. Reymann
Sean M. Sigillito
Carissa A. Uresk
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
dreymann@parrbrown.com
ssigillito@parrbrown.com
curesk@parrbrown.com

Cameron Stracher
Sara Tesoriero
CAMERON STRACHER, PLLC
1133 Broadway, Suite 516
New York, New York 10010
cam@stracherlaw.com
sara@stracherlaw.com

**Re:**    **<u>Cease and Desist and Request for Discovery</u>**

Dear Counsel:

As you have known since December 5, 2025, this Firm represents Marciano Brunette in civil litigation against your client Jeff Jenkins Productions LLC ("JJ"). In reviewing your filing, we were surprised to see included amongst the exhibits a purported "release" dated January 23, 2026 (Dkt. 33-4), well after Mr. Brunette retained counsel in this matter. You now claim that Mr. Brunette settled his claim *in this matter* through that release that was prepared for him by JJ's counsel, Julie Hunt. At no point did any counsel for JJ ask permission to speak with Mr. Brunette about the subject matter of this litigation, let alone get consent to send him a release that Ms. Hunt drafted to resolve this matter without counsel's input and guidance. This conduct is, obviously, prohibited by Utah Rule of Professional Conduct 4.2 ("In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by a legal professional in the matter, unless the lawyer has the consent of the legal professional.").

To be clear, neither your Firm nor Ms. Hunt, was *ever* authorized by us to communicate with Mr. Brunette about this matter, let alone purport to settle a case that was just filed for no consideration. We reserve all rights to seek sanctions for this conduct. Going forward, effective immediately, attorneys for JJ, including Ms. Hunt and those

**Boston        Miami        New York        New Jersey**

February 24, 2026
Page 2 of 2

working at her direction, must immediately cease and desist from all further direct or indirect communications with Mr. Brunette. Please confirm in writing that you will do so.

Further, please produce by March 3, 2026, all communications about or concerning the purported release filed at Dkt. 33-4. This includes communications to and from Mr. Brunette, Ms. Hunt, her legal team, and anyone else working at her direction who communicated directly with Mr. Brunette since December 5, 2025. This also includes, but is not limited to, all emails, drafts, notes and discussions about the purported release that Ms. Hunt admits that she drafted which was sent to Mr. Brunette in circumvention of his counsel. Of course, such documents are not covered by any work product protection. *See Featherstone v. Schaerrer*, 34 P.3d 194, 205 (Utah 2001). To the extent that materials are not produced, we intend to raise this matter with the Court.

Sincerely,

*s/ Jamie Hoxie Solano*
Jamie Hoxie Solano, Esq.

**Boston        Miami        New York        New Jersey**