Cameron Stracher (admitted *pro hac vice*)
Sara Tesoriero (admitted *pro hac vice*)
**CAMERON STRACHER, PLLC**
1133 Broadway, Suite 516
New York, New York 10010
Telephone: (646) 992-3850
cam@stracherlaw.com
sara@stracherlaw.com

David C. Reymann (8495)
Sean M. Sigillito (20101)
Carissa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com
ssigillito@parrbrown.com
curesk@parrbrown.com

Attorneys for Defendant Jeff Jenkins
Productions LLC

Julianne P. Blanch (6495)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
jblanch@parsonsbehle.com

Attorneys for Defendant Demi Engemann

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARCIANO BRUNETTE,<br><br>Plaintiff,<br><br>v.<br><br>DEMI ENGEMANN and JEFF JENKINS PRODUCTIONS LLC,<br><br>Defendants. | **DEFENDANTS' MOTION TO STAY ENTRY OF A SCHEDULING ORDER AND STAY DISCOVERY**<br><br><br>Case No. 2:25-cv-01102-TC-DAO<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

**RELIEF REQUESTED**

Pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure, Defendants Jeff Jenkins Productions LLC (JJP) and Demi Engemann (Engemann) (collectively, Defendants) jointly and respectfully request that the Court stay the entry of a scheduling order and stay discovery pending the outcome of JJP's combined Motion for Judgment on the Pleadings and Motion for Summary Judgment (Dkt. 33) and Engemann's Anti-SLAPP Motion (Dkt. 30) (collectively, Dispositive Motions).  A proposed order is filed concurrently herewith.

**BACKGROUND**

Plaintiff Marciano Brunette filed this defamation suit against Defendants.  (Dkt. 1.) Engemann moved to dismiss under Rule 12(b)(6) and Utah Code § 78B-25-101 (Anti-SLAPP Motion).  (Dkt. 30.)  Engemann's Anti-SLAPP Motion is fully briefed.  (Dkts. 51, 59.)  Notably, Plaintiff did not seek to defer Engemann's Anti-SLAPP Motion to take fact discovery.  Nor did Plaintiff raise the need for discovery in his Opposition to the Anti-SLAPP Motion.  Utah's anti-SLAPP statute permits a party to ask the court for leave to engage in limited discovery related to an anti-SLAPP motion.  *See* Utah Code § 78B-25-104(4).  Here, however, Plaintiff made no such request of the Court nor did Plaintiff present any evidence in opposition to the Anti-SLAPP Motion.  Until the Court rules on Engemann's Anti-SLAPP Motion *on the record before it*, there is no need for discovery.

JJP separately answered and then moved for judgment on the pleadings and for summary judgment.  (Dkts. 32, 33.)  Plaintiff opposed JJP's motion and moved under Rule 56(d) of the Federal Rules of Civil Procedure to deny or defer JJP's motion to allow Plaintiff to take fact

discovery.  (Dkts. 56, 57.)  The Rule 56(d) motion is pending before Judge Campbell, as are the Dispositive Motions.

## ARGUMENT

Under Rule 16, the Court may delay the entry of a scheduling order "for good cause." Fed. R. Civ. P. 16(b)(2).  Courts routinely find good cause to delay the entry of a scheduling order while there are pending dispositive motions.  *See, e.g.*, *Callaway v. Indep. Sch. Dist. No. 1 of Okmulgee Cnty.*, No. CIV-21-51-SLP, 2021 WL 6125760, at *2 (E.D. Okla. Sept. 10, 2021) (collecting cases); *Custard v. Balsick*, No. 15-CV-2221-REB-CBS, 2017 WL 131799, at *4 n.5 (D. Colo. Jan. 13, 2017) (finding good cause under Rule 16(b)(2) to delay the scheduling order pending a motion to dismiss); *Wada v. U.S. Secret Serv.*, 525 F. Supp. 2d 1, 11 (D.D.C. 2007) (granting motion to stay discovery and holding that "[p]laintiff's efforts to pursue written discovery in this action are premature" because the court had not held a scheduling conference in light of the pending motions to dismiss); *see also Chesser v. Dir. Fed. Bureau of Prisons*, No. 15-CV-01939-NYW, 2016 WL 1170448, at *6 (D. Colo. Mar. 25, 2016) (applying the *String Cheese Incident* factors in determining good cause under Rule 16(b)(2)).

Further, under Rule 26, district courts have broad discretion to stay discovery.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1386 (10th Cir. 1994) ("As a general rule, discovery rulings are within the broad discretion of the trial court.").  District courts "within the Tenth Circuit routinely grant motions to stay discovery upon consideration of the following five factors: '(1) plaintiff's interests in proceeding

3

expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.'" *In re Church of Jesus Christ of Latter-day Saints Tithing Litig.*, No. 2:24-md-03102-RJS-DAO, 2024 WL 4349160, at *2 (D. Utah Sept. 30, 2024) (quoting *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).  Here, all five factors weigh in favor of staying discovery pending resolution of the Dispositive Motions.

*First*, any prejudice to Plaintiff "resulting from a brief discovery stay will be minimal in the context of this case and does not weigh strongly against the imposition of a stay."  *Id.* at *3 (quoting *In re Broiler Chicken Grower Litig.*, No. 6:17-cv-00033-RJS, 2017 WL 3841912, at *4 (E.D. Okla. Sept. 1, 2017)).  There are two Dispositive Motions pending before the Court—one of which is fully briefed, and the other which will soon be fully briefed—so there is no reason to conclude that Plaintiff will face any hardship or prejudice if discovery is temporarily stayed pending the outcome of those Motions.  *See id.* (concluding no harm in staying discovery pending resolution of motions to dismiss).  There is not, for example, any "reason to believe a short-term discovery stay will 'be the cause of lost evidence, missing witnesses, or significantly faded memories.'"  *Id.* (quoting *In re Broiler Chicken*, 2017 WL 3841912, at *4).  And if Plaintiff's claims survive the Dispositive Motions, this case will likely require "substantial time to litigate," so a temporary stay now "will result in a 'comparatively small amount of harm to Plaintiff[].'"  *Id.* (quoting *In re Broiler Chicken*, 2017 WL 3841912, at *4).

In addition, Plaintiff will not face prejudice because—as argued in the Dispositive Motions—he is not entitled to discovery in the first place given his failure to state a claim and his

4

release of the claims he now pursues.  (*See* Dkts. 30, 33.)  And although Plaintiff has moved under Rule 56(d) for factual discovery on his release of claims, Judge Campbell will decide if he is entitled to discovery on that issue.  (Dkt. 57.)  So for these additional reasons, Plaintiff will not be prejudiced by a short-term discovery stay.

*Second*, proceeding with discovery would burden Defendants.  Discovery is "rarely easy," and this case is no exception.  *Id.*  Discovery will require Defendants to gather information spanning several years from numerous sources, including various cast members of *The Secret Lives of Mormon Wives* and employees of JJP.  And there is further harm to Defendants because Plaintiff's claims implicate Defendants' First Amendment rights.  Courts routinely recognize that when First Amendment rights are at stake, there is a strong public policy in favor of early resolution to prevent the chilling of free speech.  *See, e.g.*, *Cox v. Hatch*, 761 P.2d 556, 561 (Utah 1988) (acknowledging "a First Amendment interest in disposing of libel cases on motion and at an early stage"); *West v. Thomson Newspapers*, 872 P.2d 999, 1015 n.27 (Utah 1994) ("[B]oth this court and the United States Supreme Court have expressed a preference for pretrial resolution of defamation actions 'when it appears that a reasonable jury could not find for the plaintiffs.'" (quoting *Cox*, 761 P.2d at 561)); *see also Herbert v. Lando*, 441 U.S. 153, 179 (1979) (Powell, J., concurring) ("[W]hen a discovery demand [in a defamation action] arguably impinges on First Amendment rights a district court should measure the degree of relevance required in light of both the private needs of the parties and the public concerns implicated.").  Permitting discovery to proceed despite the pending Dispositive Motions would cut against that strong public policy interest.

5

*Third*, a stay is convenient for the Court.  Given the pending Dispositive Motions and Rule 56(d) motion, it would be premature for the Court to enter a scheduling order.  Moreover, in the unlikely event Plaintiff's Complaint survives the Dispositive Motions, there are likely to be legitimate discovery disputes in this case considering Plaintiff's release of claims and the First Amendment rights at stake.  For those reasons, "it is 'eminently logical' to delay exposing these disputes and committing judicial resources to their resolution until the court has an opportunity to review and decide the threshold issues raised in [the Dispositive Motions]."  *In re Church of Jesus Christ*, 2024 WL 4349160, at *3 (quoting *Fuller v. Salt Lake City*, No. 2:21-cv-00593-HCN-DBP, 2023 WL 3589063, at *2 (D. Utah May 22, 2023)).

*Fourth*, there are no non-parties who would be negatively impacted by a discovery stay.

*Fifth*, "the general public's primary interest in this case is an efficient and just resolution. Avoiding [potentially] wasteful efforts by the court and the litigants serves that purpose."  *Id.* at *4 (quoting *Adamson v. Volkswagen Grp. Am.*, No. 22-cv-00740-CMA-MDB, 2022 WL 4767573, at *4 (D. Colo. Oct. 3, 2022)).  Also, the public policy interest favoring early resolution of claims implicating First Amendment rights is promoted by briefly staying discovery pending resolution of the Dispositive Motions and the Rule 56(d) motion.  *See Cox*, 761 P.2d at 561; *West*, 872 P.2d at 1015 n.27; *Herbert*, 441 U.S. at 179 (Powell, J., concurring).

In short, a temporary stay will not prejudice Plaintiff, will minimize the burden on the Court and Defendants, and will promote the efficient resolution of this case.  The circumstances of this case thus support Defendants' request to stay the entry of a scheduling order and stay discovery pending resolution of the Dispositive Motions.

## CONCLUSION

For the foregoing reasons, the Court should stay the entry of a scheduling order and stay discovery pending the resolution of the Dispositive Motions (Dkts. 30, 33).

RESPECTFULLY SUBMITTED this 9th day of April 2026.

/s/ David C. Reymann

**PARR BROWN GEE & LOVELESS**
David C. Reymann
Sean M. Sigillito
Carissa A. Uresk

**CAMERON STRACHER, PLLC**
Cameron Stracher
Sara Tesoriero

Attorneys for Defendant Jeff Jenkins Productions LLC

/s/ Julianne P. Blanch*

**PARSONS BEHLE & LATIMER**
Julianne P. Blanch

Attorneys for Defendant Demi Engemann

*Signed with permission via email*