David C. Reymann (8495) (dreymann@parrbrown.com)
Sean M. Sigillito (20101) (ssigillito@parrbrown.com)
Carissa A. Uresk (18114) (curesk@parrbrown.com)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840

Cameron Stracher (*pro hac vice*) (cam@stracherlaw.com)
Sara Tesoriero (*pro hac vice*) (sara@stracherlaw.com)
**CAMERON STRACHER, PLLC**
1133 Broadway, Suite 516
New York, New York 10010
Telephone: (646) 992-3850

Attorneys for Defendant Jeff Jenkins Productions LLC

---

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| MARCIANO BRUNETTE, <br><br> Plaintiff, <br><br> v. <br><br> DEMI ENGEMANN and JEFF JENKINS PRODUCTIONS LLC, <br><br> Defendants. | **DEFENDANT JEFF JENKINS PRODUCTIONS LLC'S MOTION FOR LEAVE TO AMEND ANSWER** <br><br> Case No. 2:25-CV-01102-TC-DAO <br><br> Judge Tena Campbell <br><br> Magistrate Judge Daphne A. Oberg |

Defendant Jeff Jenkins Productions LLC (JJP) requests leave to amend its Answer to assert one additional affirmative defense.  JJP files this motion before a scheduling order has been entered, before any discovery has taken place, and before any Court-ordered deadline to amend the pleadings.  JJP's proposed amended answer is attached as Exhibit A.  A redline comparing JJP's original and proposed amended answers is attached as Exhibit B.

## RELIEF SOUGHT

JJP requests leave to amend its answer to conform it to the evidence outlined in its motion for summary judgment by specifically asserting the affirmative defense that Plaintiff has released all of his claims against JJP.  This case is at its earliest stages and JJP files this motion before any deadline to amend the pleadings.  Therefore, "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

## RELEVANT FACTS

1.    Plaintiff filed his Complaint on December 5, 2025.  ECF No. 1.

2.    JJP answered the Complaint on February 17, 2026 (ECF No. 32) and moved for summary judgment and for judgment on the pleadings (the Summary Judgment Motion, ECF No. 33) at the same time.  As set forth in the Summary Judgment Motion, Plaintiff has released all of the claims asserted against JJP in this action.  *See* ECF No. 33 at 19–21.

3.    In Plaintiff's opposition to the Summary Judgment Motion, he argues that JJP "did not raise release as an affirmative defense in its Answer" and that somehow "proves that the 2026 Document was never intended to release or settle Plaintiff's claims in this lawsuit."  ECF 56 at 45.

1

4.      JJP's deadline to file a reply brief in support of the Summary Judgment Motion is April 17, 2026.

5.      No discovery has occurred in this case, and no scheduling order has been entered by the Court.

## ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Because JJP has sought leave to amend before a scheduling order has been entered and before any discovery has been conducted, Rule 15's liberal standard applies:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Pura Scents, Inc. v. Atmos Fragrance, Inc.*, No. 2:24-CV-00958-TS-DAO, 2026 WL 892873, at *1 (D. Utah Mar. 31, 2026) (applying liberal standard and granting motion to amend); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204–11 (10th Cir. 2006) (reversing failure to allow amendment to claims in the pre-trial order as abuse of discretion).

JJP has not acted with undue delay, bad faith, or dilatory motive.  Indeed, JJP seeks leave to amend before any discovery has been conducted, before a scheduling order has been entered, and soon after Plaintiff first raised this issue in his opposition to the Summary Judgment Motion (and before that motion is even fully briefed).  *See Amann v. Off. of Utah Att'y Gen.*, No. 2:18-

2

CV-00341, 2021 WL 6125826, at *3–4 (D. Utah Dec. 28, 2021) (granting leave to assert additional defenses "less than six weeks after the initial answer and more than six weeks before the dispositive motion deadline"). Further, it is apparent from the record that: (1) JJP is not seeking leave in bad faith; (2) JJP is not acting with a dilatory motive; and (3) Plaintiff will suffer no undue prejudice. That is so because Plaintiff has been on notice of JJP's release defense since JJP filed the Summary Judgment Motion *twelve minutes* after JJP filed its Answer.

Similarly, JJP's affirmative defense asserting the releases is meritorious and, at minimum, is certainly not futile. As more fully explained in the Summary Judgment Motion, Plaintiff has released the claims asserted against JJP at least twice. Plaintiff first released his claims in the February 27, 2025 Performer Agreement that Plaintiff signed on March 6, 2025 (ECF No. 33-3). Then, after filing this lawsuit, Plaintiff released his claims again in the Participant Release that he signed on January 23, 2026 (ECF No. 33-4). *See* Motion for Summary Judgment at 19–21.

## CONCLUSION

For the foregoing reasons, the Court should grant JJP leave to amend its answer.

RESPECTFULLY SUBMITTED this 16th day of April 2026.

/s/ David C. Reymann

**PARR BROWN GEE & LOVELESS, P.C.**
David C. Reymann
Sean M. Sigillito
Carissa A. Uresk

**CAMERON STRACHER, PLLC**
Cameron Stracher
Sara C. Tesoriero

Attorneys for Defendant Jeff Jenkins Productions LLC

3