David C. Reymann (8495) (dreymann@parrbrown.com)
Sean Sigillito (20101) (ssigillito@parrbrown.com)
Carissa Uresk (18114) (curesk@parrbrown.com)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840

Cameron Stracher (*pro hac vice*) (cam@stracherlaw.com)
Sara Tesoriero (*pro hac vice*) (sara@stracherlaw.com)
**CAMERON STRACHER, PLLC**
1133 Broadway, Suite 516
New York, New York 10010
Telephone: (646) 992-3850

Attorneys for Defendant Jeff Jenkins Productions LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| MARCIANO BRUNETTE,<br><br>Plaintiff,<br><br>v.<br><br>DEMI ENGEMANN and JEFF JENKINS PRODUCTIONS LLC,<br><br>Defendants. | **DEFENDANT JEFF JENKINS PRODUCTIONS LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR RULE 56(d) DISCOVERY**<br><br>Case No. 2:25-CV-01102-TC-DAO<br><br>Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

Defendant Jeff Jenkins Productions LLC (JJP) respectfully submits this Memorandum in Opposition to Plaintiff Marciano Brunette's (Brunette) Motion Under Rule 56(d) to Deny or Defer JJP's Motion for Summary Judgment (Rule 56(d) Motion) (ECF 57).

## ARGUMENT

"In the Tenth Circuit, a non-movant requesting additional discovery under Rule 56(d) must specify," among other things, "how additional time will enable the party to obtain . . . facts [that] rebut the motion for summary judgment." *Black Oak Cap. Boca, LLC v. Paul Evans, LLC*, No. 2:24-cv-209, 2026 WL 776087, at *2 (D. Utah Mar. 19, 2026) (cleaned up). "Courts do not grant additional discovery under Rule 56(d) on speculation." *Id.* A "party's mere hope that discovery may yield further evidence is insufficient to defeat a summary judgment motion." *Id.* (cleaned up). "[I]f the information sought is … irrelevant to the summary judgment motion …, the court should deny the motion." *Id.* (cleaned up).

To satisfy this burden, a party seeking to put off addressing a summary judgment motion cannot, as Plaintiff seeks to do here, "invoke [Rule] 56(f) by merely asserting that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable. Rather, the party must demonstrate *precisely* how additional discovery will lead to a genuine issue of material fact." *Ben Ezra, Weinstein, & Co., Inc. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (citation omitted) (emphasis added). "Merely describing the discovery a party would like to conduct is not enough." *Black Oak*, 2026 WL 776087, at *3; *see also Gutierrez v. Cobos*, 841 F.3d 895, 909 (10th Cir. 2016) (Rule 56(d) movant must "explain *how* specific information was *essential* to their summary judgment opposition"). If the movant does not establish that "the additional material will rebut the summary judgment motion," the motion "falls short of the Rule

1

56(d) standard." *Black Oak*, 2026 WL 776087, at *3; *see also Summit Mountain Holding Grp., LLC v. Summit Village Dev. Lender 1, LLC*, 2024 WL 3358698, at *2-3 (D. Utah July 8, 2024) (denying Rule 56(d) motion because movant "fails to connect the dots as to how the evidence it seeks would materially dispute any fact in Defendant's summary judgment motion").

Here, Plaintiff asks this Court to grant him Rule 56(d) relief to seek two categories of discovery: (1) wide-ranging discovery on JJP's supposed "intent"—i.e., whether JJP's alleged statements about him were made with knowledge of falsity; and (2) discovery regarding the circumstances of *his own execution* of the Participant Release that bars his claims. But even if those facts were not available to him already (and, with respect to the second category, that is certainly questionable), Plaintiff's request fails because Plaintiff has not and cannot show that either category of discovery would create a genuine issue for trial or be sufficient to "rebut the summary judgment motion." *Id*.

First, JJP's intent is irrelevant because Plaintiff signed two separate releases that bar his claims. Under New York law, "a valid release constitutes a complete bar to an action on a claim which is the subject of the release." *Centro Empresarial Cempresa S.A. v. America Movil, S.A.B. de C.V.*, 17 N.Y. 3d 269, 276 (N.Y. 2011) (citation omitted). And, as addressed at length in the summary judgment reply, New York courts routinely enforce exculpatory clauses that release intentional claims like defamation. *See, e.g.*, *Moore v. Cohen*, 548 F. Supp. 3d 330, 340–44 (S.D.N.Y. 2021) (release barred defamation claim brought by participant in faux television talk show), *aff'd*, No. 21-1702-CV, 2022 WL 2525722 (2d Cir. 2022). (ECF 67 at 10–12 (collecting cases).) In addition, by signing the releases, Plaintiff consented to being defamed, and consent is a valid defense to an intentional tort. *See, e.g.*, *Sleepy's LLC v. Select Comfort Wholesale Corp.*,

779 F.3d 191, 199 (2d Cir. 2015) ("consent of the person defamed to the making of a defamatory statement bars that person from suing for the defamation"). (ECF 67 at 12.) For these reasons, JJP's intent is immaterial.[1]

Second, discovery into the circumstances of Plaintiff's own execution of the Participant Release would not help Plaintiff establish a genuine issue of material fact. Plaintiff does not dispute that he signed the Participant Release. Instead, he offers various arguments about why it should not bar his claims, including that it was communicated to him without his counsel's knowledge, there was no adequate consideration, he did not read the Participant Release before signing it, and the Participant Release is unconscionable. But as explained in the summary judgment reply, and as a matter of law, the opportunity for publicity is adequate consideration, the parol evidence rule bars Plaintiff's arguments about the parties' conduct, Plaintiff's failure to read the Participant Release is irrelevant, and Plaintiff's arguments cannot show either procedural or substantive unconscionability. (ECF 67 at 13–21.) Moreover, despite Plaintiff's speculation to the contrary, no lawyer communicated – directly or indirectly – with Plaintiff. (ECF 67-1 ¶ 8). Accordingly, discovery into the execution of the Participant Release would not assist Plaintiff in demonstrating a genuine dispute of material fact.

For all these reasons, Plaintiff has not carried his burden, as the party seeking Rule 56(d) relief, to prove that "specific information was *essential* to [his] summary judgment opposition." *Gutierrez*, 841 F.3d at 909. Because a request for discovery that seeks facts "irrelevant to the summary judgment motion" "falls short of the Rule 56(d) standard," Plaintiff's motion should be

---

[1] Moreover, discovery into actual malice is both premature and irrelevant where, as here, Plaintiff has failed to even plausibly plead that JJP acted with actual malice. (*See* ECF 33 at 29–35; ECF 67 at 24–25.)

denied. *Black Oak*, 2026 WL 776087, at \*2–3; *see also F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013) (Rule 56(d) relief not appropriate when proposed discovery would not be legally sufficient to establish genuine issue of material fact).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Rule 56(d) Motion.

RESPECTFULLY SUBMITTED this 17th day of April 2026.

/s/ David C. Reymann

**PARR BROWN GEE & LOVELESS, P.C.**
David C. Reymann
Sean Sigillito
Carissa Uresk

**CAMERON STRACHER, PLLC**
Cameron Stracher
Sara Tesoriero

Attorneys for Defendant Jeff Jenkins Productions LLC

4