**DYNAMIS LLP**
ERIC S. ROSEN (*pro hac vice*)
erosen@dynamisllp.com
(617) 802-9157
175 Federal Street, Suite 1200
Boston, Massachusetts 02110

JAMIE H. SOLANO (*pro hac vice*)
jsolano@dynamisllp.com
(973) 295-5495
200 Connell Drive
Berkeley Heights, New Jersey 07922

BROOKE WATSON (*pro hac vice*)
bwatson@dynamisllp.com
(305) 306-6593
175 Federal Street, Suite 1200
Boston, Massachusetts 02110

YUSEF AL-JARANI (*pro hac vice*)
yaljarani@dynamisllp.com
(213) 283-0685
1100 Glendon Avenue, 17th Floor
Los Angeles, California 90024

CAROLINE McHUGH (*pro hac vice*)
cmchugh@dynamisllp.com
11 Park Place, 3rd Floor
New York, New York 10007

**Parkinson | Benson | Potter**
D. Loren Washburn
loren@pbp.law
801-643-1420
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098

*Attorneys for Plaintiff Marciano Brunette*

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH
## CENTRAL DIVISION

MARCIANO BRUNETTE,

    *Plaintiff*,

v.

DEMI ENGEMANN and JEFF JENKINS
PRODUCTIONS, LLC,

    *Defendants*.

**PLAINTIFF MARCIANO BRUNETTE'S
OPPOSITION TO DEFENDANTS'
MOTION TO STAY ENTRY OF A
SCHEDULING ORDER AND STAY
DISCOVERY**

No. 2:25-cv-01102-TC-DAO

Plaintiff Marciano Brunette ("Plaintiff" or "Brunette") submits this Opposition to

Defendants Jeff Jenkins Productions LLC ("JJP") and Demi Engemann's (together "Defendants")

Motion to Stay Entry of a Scheduling Order and Stay Discovery (the "Motion"). Dkt. 62.

## INTRODUCTION

Plaintiff filed this action on December 5, 2025. Dkt. 1. On February 17, 2026, JJP simultaneously filed its Answer and moved for summary judgment before a single document had been produced or a single deposition had been taken. Dkts. 32, 33. The parties could not agree on a litigation schedule and filed a joint Attorney Planning Meeting Report reflecting the impasse on March 25, 2026. Dkt. 52. The Court's March 26 docket text order directed Defendants to file either a proposed scheduling order or a motion to stay within fourteen days. Dkt. 53. Defendants filed the instant Motion on April 9, 2026. Dkt. 62. In the interim, Brunette opposed JJP's summary judgment motion, moving under Rule 56(d) to deny it without prejudice to renew after discovery. Dkts. 56, 57. No initial disclosures have been exchanged, no documents have been produced, and no depositions have been taken.

JJP answered the Complaint, declined to invoke Utah's anti-SLAPP statute, and moved for summary judgment on an undeveloped record. *See* Dkts. 32, 33. Having placed factual issues before the Court through its own summary judgment motion, it now seeks a blanket stay that would lock in the one-sided record its own sequencing created. *See* Motion at 7. A party that moves for summary judgment before discovery opens cannot simultaneously prevent its opponent from developing the record needed to respond. That is especially true here, where Brunette has identified four discrete categories of discovery that go directly to the contested issues in JJP's motion for summary judgment. *See Garner v. Cincinnati Ins. Co.,* No. 2:24-cv-00378-TC-DAO, 2025 WL 2061923, at *2–3 (D. Utah July 23, 2025) (denying stay where defendant moved for summary judgment during expert discovery).

2

Defendants' Motion should be denied. The Court has already rejected a materially weaker version of JJP's request. At minimum, the Court should require initial disclosures and permit targeted discovery on the four categories identified in Brunette's Rule 56(d) motion.

## LEGAL STANDARD

Under Rule 16, the Court may delay entry of a scheduling order only for good cause. Fed. R. Civ. P. 16(b)(2). District courts within the Tenth Circuit evaluate motions to stay discovery using the *String Cheese* factors: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-cv-01934-LTB-PA, 2006 WL 894955, at \*2 (D. Colo. Mar. 30, 2006); *see also Garner*, 2025 WL 2061923, at \*2–3 (applying factors to deny a stay requested partway through discovery).

The Tenth Circuit generally disfavors stays of discovery as "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)(internal brackets omitted). Accordingly, a party seeking a stay "must make a strong showing of necessity because the relief would severely affect the rights of others." *Garner*, 2025 WL 2061923, at \*2. As Defendants cannot meet their burden, the motion to stay should be denied.

## ARGUMENT

**I.      THE *STRING CHEESE* FACTORS REQUIRE DENIAL OF THE MOTION**

Each of the *String Cheese* factors weighs in Brunette's favor: Brunette would suffer prejudice if discovery was stayed, Defendants will not be burdened, the Court has indicated that

the parties should proceed, and neither public nor non-party interests are served by instituting a delay. Defendants' motion should be denied.

A.    ***Factor One*** disfavors a stay. Brunette is a reality-television personality whose professional reputation is being damaged in real time by a broadcast that called him a sexual predator and attributed to him a sexual assault. Every month of delay compounds that harm. The evidence he needs sits in JJP's exclusive possession, with no formal discovery mechanism presently available to test compliance with any preservation obligation: JJP's internal communications, producer interactions with Engemann, and unreviewed *Vanderpump Villa* footage. Summary judgment should "be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986).

Defendants argue prejudice will be minimal by analogizing this case to *In re Church of Jesus Christ of Latter-day Saints Tithing Litigation* and *In re Broiler Chicken Grower Litigation*. Motion at 4-5 (citing *In re Church*, No. 2:24-md-03102-RJS-DAO, 2024 WL 4349160, at *2 (D. Utah Sept. 30, 2024); *In re Broiler Chicken*, No. 6:17-cv-00033-RJS, 2017 WL 3841912, at *4 (E.D. Okla. Sept. 1, 2017)). Neither fits. *In re Church* found minimal prejudice to plaintiffs only because the case would take years regardless of the granting of a stay and because neither party had yet moved for summary judgment before discovery opened. 2024 WL 4349160, at *2-3. *In re Broiler Chicken* was a putative antitrust class action with thousands of potential claimants against twelve defendant companies involving a decade of alleged conduct for which litigation would "take a substantial amount of time to litigate." 2017 WL 3841912, at *4.  Discovery was stayed prior to dispositive motions being filed. *See Id.* at *6. In contrast, JJP's summary judgment motion is already fully briefed, and Brunette's discovery requests are finite and map directly to JJP's

4

summary judgment arguments. Moreover, in *In re Broiler Chicken*, the court preserved the right of parties to seek discovery to respond to dispositive motions. *Id.* at *6 n.39. Here, such a caveat would resolve this dispute in Brunette's favor.

        **B.**    ***Factor Two*** does not support a stay. Defendants identify only ordinary litigation burdens, which cannot justify a stay. *Taylor v. Armor Corr. Health Servs., Inc.*, No. 20-cv-01406-WJM-NYW, 2020 WL 13850254, at *5 (D. Colo. Sept. 30, 2020) ("[W]hile Defendants will undoubtedly incur some burden in proceeding with discovery, there is nothing to suggest that this burden is exceptional or unusual to this case."). *Herbert v. Lando*, relied on by Defendants, undermines JJP's First Amendment burden argument. 441 U.S. 153 (1979). Defendants cite only Justice Powell's concurrence in *Herbert*. *See* Motion at 5 (quoting *Herbert* 441 U.S. 153, 179 (1979)(indicating First Amendment concerns in a defamation action)). The *Herbert* majority held the opposite: "[s]preading false information in and of itself carries no First Amendment credentials," 441 U.S. 153, 171 (1979), and the First Amendment erects no privilege against discovery into the editorial process of a public-figure defamation defendant, *id.* at 175. That is the controlling authority. Any burden JJP faces beyond ordinary litigation costs is attributable to its own decision to move for summary judgment before discovery opened.

        **C.**    ***Factor Three*** disfavors a stay. The Court's March 26 docket text order required the parties to join issue on the scheduling question. Dkt. 53. A blanket stay returns the case to the posture that order was designed to resolve. If Judge Campbell grants Brunette's Rule 56(d) motion, discovery will proceed. A stay simply defers that outcome while the current imbalance persists.

        **D.**    ***Factors Four and Five*** do not support a stay. Defendants identify no non-parties who object to targeted discovery proceeding. The public interest is served by permitting Brunette to oppose JJP's motion on a fair factual record. The Utah Supreme Court has acknowledged only

"a First Amendment interest in disposing of libel cases on motion and at an early stage when it appears that a reasonable jury could not find for the plaintiffs." *Cox v. Hatch*, 761 P.2d 556, 561 (Utah 1988); *see also West v. Thomson Newspapers*, 872 P.2d 999, 1015 n.27 (Utah 1994). Neither case supports blocking discovery on claims like Brunette's, where the factual record is genuinely contested. All five *String Cheese* factors weigh against a stay.

## II.      RULE 56(d) INDEPENDENTLY FORECLOSES A BLANKET STAY AS TO JJP

Where summary judgment is sought before discovery has concluded, a successful Rule 56(d) motion prevents summary judgment from issuing and ensures continued discovery. *See Anderson*, 477 U.S. at 250 n.5.[1] Relief is warranted when the nonmovant shows: (1) the probable facts are not available; (2) why those facts cannot be presented currently; (3) what steps have been taken to obtain them; and (4) how additional time will enable a response. *Millrock Inv. Fund 1, LLC v. Healthcare Sols. Mgmt. Grp., Inc.*, No. 2:23-cv-00157-RJS-DAO, 2024 WL 5057654, at *2 (D. Utah Dec. 10, 2024) (citing *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016)). Brunette's motion warrants relief. *See* Dkt. 57; Dkt. 56-2, Brunette Decl.; Dkt. 56-3, Solano Decl.

The probable facts are not available because JJP controls them: its internal communications about the sexual assault narrative, the *Vanderpump Villa* footage JJP had access to and did not review, and all communications surrounding the 2026 Document. Dkt. 57 at 3–11. Brunette has taken concrete steps to obtain them. On January 27, 2026, Plaintiff sought a stipulated litigation schedule; JJP declined. Dkt. 56-3, Solano Decl. ¶ 3. On February 24, 2026, upon learning through JJP's public filing that its in-house lawyer had transmitted the 2026 Document to Brunette without

---

[1] Note that the Rule 56(f) referred to in *Anderson's* footnote 5 and other pre-2010 cases was converted to Rule 56(d) in the 2010 revision to the rules: "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56 advisory committee's note (2010).

his counsel's knowledge, Plaintiff sent JJP's lawyers a cease-and-desist letter and demanded all communications regarding that document. *Id.* ¶¶ 5, 8. JJP has not produced a single communication in response. *Id.* ¶ 10.

*Patty Precision* holds that Rule 56(d) affidavits "should be treated liberally unless dilatory or lacking in merit," and that a party is not required to pursue discovery where "opposing counsel has informed the party that all attempts to take discovery will be resisted." *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264–65 (10th Cir. 1984). JJP's refusal to agree to any schedule, commit to initial disclosures, or acknowledge Brunette's discovery needs, *see* Dkt. 52-1 at 9-10, is precisely the posture *Patty Precision* addressed.

JJP's Rule 56 motion requires discovery because it rests on two documents. *First*, the 2025 Performer Agreement, which JJP argues released Brunette's claims under New York law. But New York law is explicit: "an exculpatory agreement . . . will not exonerate a party from liability . . . [I]t will not apply to exemption of willful or grossly negligent acts." *Kalisch-Jarcho, Inc. v. City of New York*, 58 N.Y.2d 377, 384–85 (1983). Whether the release applies therefore turns entirely on whether JJP acted with the intent or recklessness New York law excludes from exculpatory coverage. That is the precise question Brunette's discovery targets. JJP cannot invoke the release to bar Brunette's claims and block the discovery that determines whether the release can apply.

*Second*, the 2026 Document. JJP's in-house counsel drafted the 2026 Document after this lawsuit was filed and transmitted it directly to Brunette via QR code while he was at a bar, after JJP's lawyers knew Brunette was represented by counsel. Dkt. 57 at 9–10; Dkt. 56-2, Brunette Decl. ¶¶ 11–14. They did not inform Brunette's attorneys. Dkt. 56-3, Solano Decl. ¶¶ 4–5, 8. JJP now characterizes it as a settlement release of this case. *See* Dkt. 33 at 27-29. The 2026 Document's admissibility and enforceability, including whether JJP's conduct in transmitting it violated Utah's

Rules of Professional Conduct, *see* Utah R. Prof'l Conduct 4.2(a), 5.3, 8.4, depend on facts within JJP's exclusive control that JJP has refused to produce.

*Millrock* is directly on point. *See* 2024 WL 5057654, at *3. There, Judge Shelby granted Rule 56(d) relief under similar circumstances: defendants answered and moved for summary judgment before discovery was complete, and the movant controlled the evidence essential to the opposition. *Id.* The court denied summary judgment without prejudice pending completion of discovery, rejecting defendants' argument that the plaintiff's Rule 56(d) motion was a "baseless" "fishing expedition" as unpersuasive. *Id.* The same result is warranted here.

### III. JJP'S PROCEDURAL CHOICES FORECLOSE THE RELIEF IT NOW SEEKS

JJP answered the Complaint. It did not move to dismiss or invoke Utah's anti-SLAPP statute. On the same day it filed its Answer, Dkt. 32, it filed a combined motion for judgment on the pleadings, summary judgment, and fees, Dkt. 33. JJP then obtained an extension of time to respond to Brunette's Rule 56(d) motion, Dkts. 61, 63, further prejudicing Brunette with its delay. A party that moves for summary judgment before discovery opens cannot also prevent the opposing party from developing the record needed to respond. *See Garner*, 2025 WL 2061923, at *2-3. Granting a blanket stay would cement the one-sided record JJP's own sequencing produced.

JJP invokes footnote 2 of the Court's December 8, 2025 Order to Propose Schedule, Dkt. 7, which acknowledges that good cause to delay scheduling exists when an answer is not immediately filed due to pending dispositive motions. That provision does not apply here. JJP has answered, so discovery must proceed. *See* Dkts. 32, 33.

Defendants also cite several district court decisions for the proposition that courts "routinely find good cause to delay the entry of a scheduling order while there are pending dispositive motions." *See* Motion at 3 (citing *Callaway v. Indep. Sch. Dist. No. 1 of Okmulgee*

*Cnty.*, No. CIV-21-51-SLP, 2021 WL 6125760, at *2 (E.D. Okla. Sept. 10, 2021); *Custard v. Balsick*, No. 15-cv-2221-REB-CBS, 2017 WL 131799, at *4 n.5 (D. Colo. Jan. 13, 2017)). Those cases are inapposite. Each involved a defendant awaiting resolution of a pending motion to dismiss. JJP has answered, placed factual issues before the Court through its own summary judgment motion, and obtained extensions of time to brief that motion further. The good cause provision acknowledged by this Court was designed for defendants waiting on preliminary motions before entering the litigation, not for parties who have already taken the affirmative steps as to the merits of the case.

This Court confronted a materially identical stay request in *Garner* and denied it. *See* 2025 WL 2061923, at *1–3. There, as here, the defendant moved for summary judgment during discovery and then moved to stay continued discovery pending that motion. *Id.* at *1. The Court held that the cost of further discovery was "a normal burden in litigation," *id.* at *2 (quoting *KomBea Corp. v. Noguar, L.C.*, No. 2:13-cv-957-TS, 2014 WL 5339387, at *2 (D. Utah Oct. 20, 2014)), and that the prospect of summary judgment did not justify a stay because "the grant of a dispositive motion is neither guaranteed nor statistically likely," *id.* at *3. The Court also found that a stay "will prejudice the Plaintiffs by significantly delaying the trial and the ultimate resolution of their claim." *Id.* The posture here is stronger still. JJP moved for summary judgment before any discovery *opened*, not partway through.

## IV.     ENGEMANN'S MOTION CANNOT JUSTIFY A BLANKET STAY

Engemann and JJP are not in the same procedural posture. Engemann moved to dismiss under Rule 12(b)(6) and Utah's anti-SLAPP statute. *See* Dkt. 30. JJP answered and moved under Rules 12(c) and 56. *See* Dkts. 32, 33. Even if Engemann's anti-SLAPP motion provided a basis to pause discovery directed to *Engemann*, it provides no basis to halt discovery directed at JJP. A

9

defendant cannot use a co-defendant's assertion of a defense to postpone its own discovery obligations. *Taylor*, 2020 WL 13850254, at *4. JJP has no colorable basis to claim the procedural benefits of a statute it declined to use.

Defendants also suggest that Brunette waived any right to discovery in connection with Engemann's anti-SLAPP motion because he did not seek factual discovery to oppose it and did not present evidence in opposition. Motion at 2. That argument misreads the mechanism. Engemann's anti-SLAPP motion is assessed on the face of the Complaint. *See* Dkt. 30 at 9-10. No affidavit was required to oppose it. The discovery Brunette seeks is targeted to JJP's summary judgment motion, which is governed by Rule 56 and allows for a motion under Rule 56(d), not targeted at Engemann's Rule 12 motion. Brunette's silence with respect to discovery on a pleadings-stage motion is not a forfeiture of his right to contest a motion with a different legal standard. JJP never invoked anti-SLAPP; it cannot claim the procedural benefits of a framework it declined to use.

## V.    AT MINIMUM, THE COURT SHOULD ORDER TARGETED DISCOVERY

If the Court is not inclined to deny the stay outright, it should at minimum require initial disclosures and targeted discovery on the four categories identified in Brunette's Rule 56(d) motion. *See String Cheese*, 2006 WL 894955, at *2 (granting a narrow, defendant-specific stay). The four categories sought are concrete, finite, and tied directly to JJP's own arguments: (1) JJP's internal communications about the sexual assault narrative and its editorial decisions, (2) all communications surrounding the preparation, transmission, and intended effect of the 2026 Document, (3) initial disclosures from all parties; and (4) unaired footage, outtakes, and recordings bearing on the alleged sexual assault, including the footage the executive producer of *Vanderpump Villa* has identified as providing reason to doubt Engemann's account. Dkt. 1, Compl. ¶¶ 107, 116.

This targeted relief resolves the core unfairness in Defendants' motion: JJP cannot pursue summary judgment while blocking Brunette from developing the record needed to oppose it.

## CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied. In the alternative, the Court should deny any blanket stay and order: (1) immediate exchange of initial disclosures; and (2) targeted discovery on the four categories described in Section V above, on a schedule the Court deems appropriate, together with such other and further relief as the Court deems just and proper.

Dated: April 23, 2026

Respectfully submitted,

**Parkinson | Benson | Potter**

*/s/ D. Loren Washburn*
D. Loren Washburn
loren@pbp.law
801-643-1420
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098

**DYNAMIS LLP**

*/s/ Eric S. Rosen*
Eric S. Rosen (*pro hac vice*)
Jamie H. Solano (*pro hac vice*)
Brooke Watson (*pro hac vice*)
Yusef Al-Jarani (*pro hac vice*)
Caroline McHugh (*pro hac vice*)

*Attorneys for Plaintiff Marciano Brunette*

11

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2026, a true and correct copy of the foregoing PLAINTIFF MARCIANO BRUNETTE'S OPPOSITION TO DEFENDANTS' MOTION TO STAY ENTRY OF A SCHEDULING ORDER AND STAY DISCOVERY was served via the Court's CM/ECF system on all counsel of record.

Dated: March 27, 2026.

*/s/ D. Loren Washburn*
D. Loren Washburn
