**DYNAMIS LLP**
ERIC S. ROSEN (*pro hac vice*)
BROOKE WATSON (*pro hac vice*)
erosen@dynamisllp.com
bwatson@dynamisllp.com
(617) 802-9157
175 Federal Street, Suite 1200
Boston, Massachusetts 02110

JAMIE H. SOLANO (*pro hac vice*)
CAROLINE McHUGH (*pro hac vice*)
jsolano@dynamisllp.com
cmchugh@dynamisllp.com
(973) 295-5495
233 Broadway, Suite 1750
New York, NY 10279

YUSEF AL-JARANI (*pro hac vice*)
yaljarani@dynamisllp.com
(213) 283-0685
1100 Glendon Avenue, 17th Floor
Los Angeles, California 90024

**Parkinson | Benson | Potter**
D. Loren Washburn
Cliff Parkinson
loren@pbp.law
cliff@pbp.law
801-643-1420
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098

*Attorneys for Plaintiff Marciano Brunette*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| MARCIANO BRUNETTE,<br><br>        *Plaintiff*,<br><br>v.<br><br>DEMI ENGEMANN and JEFF JENKINS PRODUCTIONS, LLC,<br><br>        *Defendants*. | **PLAINTIFF MARCIANO BRUNETTE'S RESPONSE TO DEFENDANT JEFF JENKINS PRODUCTIONS, LLC'S MOTION FOR LEAVE TO AMEND [Dkt. No. 66]**<br><br>No. 2:25-cv-01102-TC-DAO<br><br>District Judge Tena Cambell<br><br>Magistrate Judge Daphne Oberg |

1

Plaintiff, Marciano Brunette ("Plaintiff" or "Brunette"), respectfully submits this Response to Defendant Jeff Jenkins Productions's ("JJP") Motion for Leave to File an Amended Answer. Dkt. No. 66. In short, while Plaintiff believes that JJP's amendment is futile, the issues surrounding its futility have already been raised and extensively briefed in connection with JJP's pending motion for summary judgment.  In light of that posture, Plaintiff respectfully submits—without prejudicing or waiving its arguments made in opposition to JJP's Motion for Summary Judgment, and notwithstanding that such affirmative defense is futile—that this Court should forgo a futility analysis.  Assuming the futility analysis is not considered in connection with this requested relief, Plaintiff is not opposed to JJP's requested relief.

**ARGUMENT**

## I.    LEGAL STANDARD

"[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Amann v. Off. of Utah Att'y Gen.*, 2:18-CV-00341, 2021 WL 6125826, at *2 (D. Utah Dec. 28, 2021) (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (alteration in original) (internal quotation marks omitted)) (Oberg, M.J.). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.* (quoting *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted)).

"[F]utility alone is a sufficient basis to deny leave to amend." *Id.* at *3 (citing *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007)).  But "[p]rejudice to the opposing party is the 'most important' factor in deciding whether to allow leave to amend."  *Id.* at *2 (quoting *Minter*, 451 F.3d at 1207). "[I]t is within the court's discretion to decline to engage in a futility analysis

2

in the context of a motion to amend if the futility arguments would be more properly addressed in dispositive motions." *Id.* at *3.

## II.  ARGUMENT

Here, Plaintiff has not been prejudiced by JJP's request to amend its answer—indeed, Plaintiff is the one who told JJP it failed to raise release as an affirmative defense in its answer. *See* ECF No. 56 at 31, 45.  And while JJP's request to raise the affirmative defense of release is completely futile because Plaintiff has not released his claims in this case, that issue has been extensively briefed by the parties in connection with JJP's pending and ripe motion for summary judgment. *See* ECF Nos. 56 at 32-47 (Plaintiff's Opp.); 67 at 10-13 (JJP Reply). As Plaintiff made clear in its opposition to JJP's motion, the documents upon which JJP relies on do not release Plaintiff's claims for several reasons, including the following:

1. The 2025 Performer Agreement's assumption of risk provision does not encompass JJP's conduct at issue in this case. *See* ECF No. 56 at 32-33.

2. The 2025 Performer Agreement only releases claims only "to the maximum extent permitted by [New York] law," and New York law has a longstanding public policy that renders unenforceable contractual provisions purporting to limit liability for intentional or willful misconduct, or grossly negligent acts—the type of conduct alleged against JJP. *Id.* at 33-35.

3. The 2026 Document is likely void and inadmissible because it was prepared by an attorney and communicated to Plaintiff outside the presence of his counsel when JJP knew he was represented by counsel. *Id.* at 36-38.

4. The 2026 Document is not an enforceable contract because there was no adequate consideration or meeting of the minds. *Id.* at 39-41.

5. The plain language of the 2026 Document does not encompass claims involving JJP's conduct for a past season of *Mormon Wives*. *Id.* at 42-44.

6. Applicable law makes clear that the scope of the release language in the 2026 Document cannot be construed to include a release of the claims in this case. *Id.* at 44-45.

7. Reading the 2026 Document to release Plaintiff's claims would render it unenforceable as unconscionable under applicable law. *Id.* at 45-47.

For all of the reasons Plaintiff laid out in its Opposition brief highlighted above, which Plaintiff incorporates herein by reference, JJP's requested amendment is futile. However, given that this issue is squarely pending before Judge Campbell in connection with JJP's pending and ripe summary judgment motion, to address these same arguments in connection with this motion "clearly places the proverbial cart before the horse." *Lambe v. Sundance Mountain Resort*, 2:17-CV-00011-JNP, 2018 WL 4558413, at *3 (D. Utah Sept. 21, 2018) (internal quotations omitted) (declining futility analysis at amendment stage). Accordingly, Plaintiff respectfully requests that this Court decline to engage in a futility analysis and, with that declination (and subject to Plaintiff maintaining his arguments in his Opposition to JJP's Motion for Summary Judgment), Plaintiff is not opposed to the requested amendment.

Dated: April 30, 2026

Respectfully submitted,

**Parkinson | Benson | Potter**

*/s/ D. Loren Washburn*
D. Loren Washburn
Cliff Parkinson
loren@pbp.law
cliff@pbp.law
801-643-1420
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098

**DYNAMIS LLP**

*/s/ Jamie Hoxie Solano*
Eric S. Rosen (*pro hac vice*)
Jamie H. Solano (*pro hac vice*)
Brooke Watson (*pro hac vice*)
Yusef Al-Jarani (*pro hac vice*)
Caroline McHugh (*pro hac vice*)

*Attorneys for Plaintiff Marciano Brunette*

4

**CERTIFICATE OF SERVICE**

I certify that on April 30, 2026, I caused the foregoing brief to be served upon all Filing

Users through the Court's Case Management/Electronic Case Files ("CM/ECF") system.


*/s/ D. Loren Washburn*
D. Loren Washburn