**DYNAMIS LLP**
ERIC S. ROSEN (*pro hac vice*)
BROOKE WATSON (*pro hac vice*)
erosen@dynamisllp.com
bwatson@dynamisllp.com
(617) 802-9157
175 Federal Street, Suite 1200
Boston, Massachusetts 02110

JAMIE H. SOLANO (*pro hac vice*)
CAROLINE McHUGH (*pro hac vice*)
jsolano@dynamisllp.com
cmchugh@dynamisllp.com
(973) 295-5495
233 Broadway, Suite 1750
New York, NY 10279

YUSEF AL-JARANI (*pro hac vice*)
yaljarani@dynamisllp.com
(213) 283-0685
1100 Glendon Avenue, 17th Floor
Los Angeles, California 90024

**Parkinson | Benson | Potter**
D. Loren Washburn
Clifford B. Parkinson
loren@pbp.law
cliff@pbp.law
801-643-1420
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098

*Attorneys for Plaintiff Marciano Brunette*

**UNITED STATES DISTRICT COURT
DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| MARCIANO BRUNETTE,<br><br>*Plaintiff*,<br><br>v.<br><br>DEMI ENGEMANN and JEFF JENKINS PRODUCTIONS, LLC,<br><br>*Defendants*. | **PLAINTIFF MARCIANO BRUNETTE'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO DENY OR DEFER SUMMARY JUDGMENT FOR DISCOVERY**<br><br>No. 2:25-cv-01102-TC-DAO<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Marciano Brunette ("Plaintiff" or "Brunette") submits this Reply in further support of his Motion Under Rule 56(d) to Deny or Defer Defendant Jeff Jenkins Productions LLC's ("JJP") Motion for Summary Judgment. ECF No. 57.

**Introduction**

JJP maintains the untenable position that Plaintiff should be entitled to *no discovery* into the inner workings of JJP's operations and decisions, or into evidence of its malicious intent but, by the same token, Plaintiff should be required to respond to a dispositive summary judgment motion through which JJP squarely puts those topics at issue. That is precisely what Rule 56(d) was designed to avoid: to permit a defendant to try to circumvent a plaintiff's ability to have his rightful day in court by engaging in procedural gamesmanship. In his opening brief, Plaintiff laid out with specificity what discovery Plaintiff needs, and why. Rather than substantively address why these topics are not necessary for the issues raised by JJP's summary judgment motion, JJP largely ignores that they were laid out in the opening brief.

JJP refuses to address the longstanding policy recognized by New York that—as overwhelmingly alleged and as reflected in the evidence supported by Plaintiff's opposition to its summary judgment motion—JJP engaged in willful misconduct or gross negligence. JJP ignores this line of cases completely and provides no explanation of how it can, on one hand, refuse discovery on this issue but also, on the other hand, obtain summary judgment on the basis that New York law permits release. It is telling that in its response to Plaintiff's statement of additional material facts, it does not deny that it knew that Engemann's statements about sexual abuse were completely false. *See* ECF No. 67 at 2-5. Plaintiff needs discovery of JJP's misconduct and knowledge to further establish that under New York law, the 2025 Performer Agreement did not insulate JJP from what amounts to willful misconduct or gross negligence, proof of which necessarily defeats JJP's motion for summary judgment on this basis.

JJP's response to Plaintiff's statement of additional material facts addressing the 2026 Document highlights further why discovery is necessary. JJP claims that a document that Brunette

digitally signed at a bar, via QR code, after this lawsuit was filed, and without his counsel's knowledge, ends this case as a matter of law before discovery begins. ECF No. 68 at 3. Apparently, JJP does not know whether anyone from its company discussed filming or a contract with Plaintiff prior to filming him at the bar. ECF No. 67 at 6 (Response to Paragraph 12). And its response to what JJP's representatives said to Plaintiff in connection with him signing the 2026 Document or JJP's representative's understanding of what that document entailed is noticeably absent from that representative's declaration, highlighting further the need for discovery. ECF No. 67-1. JJP ignores completely the myriad of legal arguments that make clear the 2026 Document does not release Plaintiff's claims, and, at minimum, present factual issues requiring discovery to resolve. In short, JJP's attempt to have the Court ignore many tenets of Utah and New York law, forgo discovery, and accept its argument and interpretation at this juncture is not legally sound.  JJP's arguments assume the very facts Brunette seeks discovery to test.

This point is sharpened by JJP's inappropriate effort to introduce new facts in its reply for summary judgment. JJP filed a new sworn declaration from Julia Schrader, the Ludwig Productions employee who says she presented the 2026 Document to Brunette.[1] ECF No. 67-1 ¶¶ 2–4, 8. The declaration addresses the precise factual issue Brunette identified for discovery: how the 2026 Document was procured and whether any JJP attorney, employee, or agent coordinated or eventually ratified its presentation to a represented party. Schrader's declaration does not answer what she was told, what communications exist, or whether JJP personnel coordinated with counsel before the QR code release was presented or counsel later ratified it in a tortured reading of a

---

[1]JJP's MSJ reply, ECF No. 67, was the first brief to introduce the Schrader Declaration into the summary-judgment record. For purposes of this Rule 56(d) motion, the Schrader Declaration places facts in JJP's exclusive control directly at issue on summary judgment.

document that was never intended *by anyone* to apply to Plaintiff's claims here. That requires discovery.

JJP's silence on the merits of Plaintiff's allegations coupled with its vicious fight to avoid discovery should make this Court hesitant to throw out Plaintiff's claims on technical bases without the opportunity to obtain discovery through the court system. Rule 56(d) was fashioned so that JJP cannot do what it is trying to do in this case: seek summary judgment before discovery, oppose Rule 56(d) relief, and then move to stay all discovery. See ECF No. 62; ECF No. 68. Indeed, Defendants' stay motion confirms the practical consequence of their position: Brunette would receive no discovery while JJP asks the Court to enter summary judgment based on facts uniquely within JJP's control. Rule 56(d) requires a choice informed by a full and fair record, not by JJP's self-serving excerpts.

## Argument

### I.   JJP Does Not Meaningfully Address the Specific Areas of Discovery Identified In Plaintiff's Opening Brief.

Brunette's 56(d) motion identified specific, concrete categories of discovery addressing both fronts of JJP's summary judgment motion: on the 2025 Performer Agreement, JJP's internal communications and editorial decisions concerning Engemann's accusations, the absence of any pre-publication investigation, the unaired Series and *Vanderpump Villa* footage that the executive producer of *Vanderpump Villa* has confirmed gives reason to doubt Engemann's account, JJP's coordination with Hulu, and what castmates told JJP about Engemann's lies, ECF No. 57 at 4–7; and on the 2026 Document, communications among JJP, Ludwig Productions, in-house counsel Julie Hunt, and outside counsel concerning the 2026 Document's preparation, what JJP's representative was instructed to say to Brunette, when and how JJP came to view the 2026

Document as a "settlement" of this lawsuit, and the deposition testimony required to develop those facts and the related Rule 4.2 issues, ECF No. 57 at 7–10. JJP's opposition does not engage with any of it. It does not contest that the requested information sits in JJP's exclusive control. It does not explain why the categories Brunette identified would fail to assist his opposition. It does not mention Hunt, *Featherstone*, Rule 4.2, the *Vanderpump Villa* footage, the absence of a pre-publication investigation, or Brunette's account of the QR-code transaction. Instead, JJP responds with a single proposition: intent is "irrelevant" and the parol evidence rule forecloses any inquiry into the 2026 Document, so no discovery is necessary. ECF No. 68 at 2–3. That is not a response to the discovery Brunette requested. It is an attempt to read the evidentiary requirement out of Rule 56(d) by assuming the merits. JJP should not be permitted to defeat a Rule 56(d) motion by ignoring the discovery the rule is meant to protect.

## II.    JJP's New Reply Evidence Confirms Further That Rule 56(d) Discovery Is Necessary.

In response to Plaintiff's summary judgment opposition, JJP submitted the Schrader Declaration that squarely highlights how the preparation, presentation, and asserted effect of the 2026 Document requires discovery before proceeding on summary judgment on the basis that the 2026 Document appropriately can be considered a contract that releases Plaintiff's claims.

Schrader's denial is, tellingly, narrow. She states that she "did not speak with any attorneys about having Brunette sign the release prior to his signing" and that "no attorneys asked [her] to have Brunette sign the [document] either directly or indirectly." ECF No. 67-1 ¶ 8. She does not address who instructed her to present the document, what she was told about its purpose, whether anyone at JJP or Ludwig coordinated with counsel, what she understood the document to affect, when JJP first understood the release to affect this lawsuit, what communications exist about using

5

the document against Brunette, or what JJP and its lawyers chose to do when they realized that a lawyer-drafted document they now claim is a settlement document was sent to Plaintiff after this lawsuit was filed outside the presence of his counsel. All of those are discoverable facts that are outside of Plaintiff's possession or control.

The conceded facts also raise an issue Schrader does not address. JJP's in-house counsel Julie Hunt admitted she "was . . . involved in drafting the Participant Release." ECF No. 33-2 (Hunt Decl.) ¶ 8; see also ECF No. 56-5 (Stracher email, Feb. 25, 2026) (acknowledging the document was "a standard form release used with participants in the Series"). It is either the case that JJP never intended or understood this form document to be a settlement of Plaintiff's claims (which under applicable law would mean that the document should not be construed in that fashion), or that JJP's lawyers either caused or later ratified what they understood to be a settlement document being sent and signed by a party they knew to be represented by counsel. *See* Utah R. Pro. Conduct 4.2(a), 5.3, 8.4; *Featherstone v. Schaerrer*, 2001 UT 86, ¶¶ 23, 35–37, 34 P.3d 194. Schrader's declaration raises more questions than answers, and Plaintiff must be given the opportunity to obtain discovery surrounding the execution of a document that JJP is trying to use to absolve itself from intentional misconduct in exchange for no consideration.

### III.    Intent, Scope, and Procurement Are Material to JJP's Release Defense.

JJP's main point is that intent is irrelevant because "Plaintiff signed two separate releases that bar his claims." ECF No. 68 at 2. Applicable law does not support that categorical rule. A release may be a complete bar to claims within its scope, *Centro Empresarial Cempresa S.A. v. América Móvil, S.A.B. de C.V.*, 17 N.Y.3d 269, 276 (2011), but New York law also recognizes that exculpatory provisions cannot be used to insulate intentional, willful, or grossly negligent conduct. *Kalisch-Jarcho, Inc. v. City of New York*, 58 N.Y.2d 377, 384–85 (1983); *Sommer v. Fed. Signal*

*Corp.*, 79 N.Y.2d 540, 554 (1992); *Great N. Assocs., Inc. v. Cont'l Cas. Co.*, 192 A.D.2d 976, 978 (App. Div. 3d Dep't 1993). JJP does not address this line of cases, it instead just points to others that are inapposite.

*Centro* involved sophisticated corporate parties, advised by counsel, who knowingly executed broad releases in a buyout transaction and failed to reserve the claims they later asserted. 17 N.Y.3d at 276, 278–79. JJP's reliance on *Moore v. Cohen* is similarly misplaced. ECF No. 68 at 3 (citing 548 F. Supp. 3d 330, 340–44 (S.D.N.Y. 2021), *aff'd*, 2022 WL 2525722 (2d Cir. July 7, 2022). *Moore* enforced a standard television consent agreement where the release expressly enumerated the pleaded claims and the plaintiff failed to identify separate fraud that would avoid the release. *Moore*, 548 F. Supp. 3d at 340–44. Neither case involved a represented litigant allegedly presented with a QR-code document after suit was filed, without counsel's knowledge, without *any* consideration, and then told after the fact (and after JJP failed to inform the Court that the case had been settled or even raise release as an affirmative defense in its Answer) that the document actually should be read to extinguish intentional-tort claims pertaining to JJP's prior conduct unrelated to the forward-facing language of a prospective production.

JJP's consent argument under *Sleepy's LLC v. Select Comfort Wholesale Corp.* is no answer either. ECF No. 68 at 3-4 (citing 779 F.3d 191, 199–201 (2d Cir. 2015). *Sleepy's* concerned a plaintiff that intentionally elicited statements it had reason to expect might be defamatory; the Second Circuit described consent as turning on the plaintiff's purpose and degree of certainty, then vacated the consent ruling and remanded the matter to the district court. *Sleepy*, 779 F.3d 191 at 199-201). There are no facts to support a narrative that JJP told Brunette that it would take Engemann's eventual lies about a sexual assault and publish them so it could make its television show less boring. Brunette did not invite, solicit, or engineer JJP's defamatory publications to

7

manufacture a lawsuit. JJP's argument is a release/scope/procurement argument dressed as consent. At minimum, it is fact-bound and cannot be resolved before Brunette is permitted to take appropriate discovery.

The discovery Brunette seeks therefore goes directly to material issues: what the parties understood the 2026 Document meant at the time it was signed; what JJP understood the document to mean at the time it was signed; what its lawyers did to either encourage or later ratify the document being presented and signed to a party known to be represented by counsel; and whether JJP can invoke either document to bar intentional-tort claims based on conduct New York law does not permit a party to immunize.

## IV.    The Parol Evidence Rule Does Not Bar Discovery Into Formation, Procurement, or Enforceability.

JJP also argues that "the parol evidence rule bars Plaintiff's arguments about the parties' conduct." ECF No. 68 at 3. Not so. That rule excludes extrinsic evidence offered to vary the terms of an integrated contract. It does not bar evidence offered to show that no enforceable contract was formed, that the release was improperly procured, that consideration was lacking, that the agreement is unconscionable, or that some other fact is sufficient to void the release. *See, e.g., Mfrs. Hanover Tr. Co. v. Yanakas*, 7 F.3d 310, 315 (2d Cir. 1993) (under New York law, even an "omnibus statement that the written instrument embodies the whole agreement" does not preclude parol evidence that a party was "induced to enter the contract by fraud"). It also has no bearing on whether the 2026 Document is inadmissible and unenforceable because it was procured in violation of the applicable ethics rules. JJP's parol-evidence argument assumes an enforceable contract when there is no evidence that is the case, then invokes that assumption to block the discovery needed to test enforceability.

### V.      JJP's Rule 56(d) Authorities Are Distinguishable.

JJP relies on cases denying Rule 56(d) relief where the movant sought irrelevant, cumulative, speculative, or already-available discovery. Those cases confirm the standard; they do not defeat Brunette's motion.

*Black Oak* denied relief where the movants listed broad topics but failed to identify probable facts or explain how the discovery would rebut summary judgment, and where key information was already in their possession. ECF No. 68 at 2-3 (citing *Black Oak Cap. Boca, LLC v. Paul Evans, LLC,* No. 2:24-cv-00209-DBB, 2026 WL 776087, at *2–4 (D. Utah Mar. 19, 2026)). *Summit Mountain* denied relief because the requested discovery had no material bearing on the summary-judgment ground and the movant failed to "connect the dots." *Id.* (citing *Summit Mountain Holding Grp., L.L.C. v. Summit Village Dev. Lender 1, LLC*, No. 1:21-cv-00110-DBB-JCB, 2024 WL 3358698, at *2–3 (D. Utah July 8, 2024)). *Ben Ezra* denied additional discovery after the plaintiff had already received targeted discovery on the narrow immunity issue, served extensive written discovery, and used three of four authorized depositions. *Id.* at 2 (citing *Ben Ezra, Weinstein & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)). *Arciero* denied Rule 56(d) relief because the borrowers failed to identify any discovery that could satisfy the statutory defense at issue. *Id.* at 5 (citing *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013)).

This case is different. Plaintiff has not been permitted any discovery in this case. JJP has produced no documents, no initial disclosures, and no witness testimony. The information Plaintiff seeks is not already in his possession; it concerns JJP's internal communications, JJP's editorial decisions, the preparation and presentation of the 2026 Document, and the factual basis for the

Schrader Declaration. Each category is tied to JJP's summary-judgment arguments. *See Gutierrez v. Cobos*, 841 F.3d 895, 908–09 (10th Cir. 2016).

Nor can JJP rely on its own resistance to discovery as a reason to deny Rule 56(d) relief. The Tenth Circuit treats Rule 56(d) requests liberally unless they are dilatory or lacking in merit, and a party need not pursue futile discovery where opposing counsel has made clear that discovery will be resisted. *Patty Precision v. Brown & Sharpe Mfg. Co*., 742 F.2d 1260, 1264–65 (10th Cir. 1984). JJP has opposed early discovery, opposed Rule 56(d) relief, and separately moved to stay discovery. ECF No. 62; ECF No. 68. It cannot simultaneously use the absence of discovery to obtain summary judgment.

### Conclusion

For the foregoing reasons, the Court should grant Brunette's Rule 56(d) Motion and either deny JJP's Motion for Summary Judgment without prejudice or defer it until after Brunette has had a fair opportunity to take fact discovery.

Dated: May 1, 2026

Respectfully submitted,

**Parkinson | Benson | Potter**

*/s/ Clifford B. Parkinson*
D. Loren Washburn
Clifford B. Parkinson
loren@pbp.law
cliff@pbp.law
801-643-1420
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098

**DYNAMIS LLP**

*/s/ Brooke Watson*
Eric S. Rosen (*pro hac vice*)
Jamie H. Solano (*pro hac vice*)
Brooke Watson (*pro hac vice*)
Yusef Al-Jarani (*pro hac vice*)
Caroline McHugh (*pro hac vice*)

*Attorneys for Plaintiff Marciano Brunette*

## CERTIFICATE OF SERVICE

I certify that on May 1, 2026, I caused the foregoing brief to be served upon all Filing Users

through the Court's Case Management/Electronic Case Files ("CM/ECF") system.


/s/ Clifford B. Parkinson
Clifford B. Parkinson