**DYNAMIS LLP**
ERIC S. ROSEN (*pro hac vice*)
BROOKE WATSON (*pro hac vice*)
erosen@dynamisllp.com
bwatson@dynamisllp.com
(617) 802-9157
175 Federal Street, Suite 1200
Boston, Massachusetts 02110

JAMIE H. SOLANO (*pro hac vice*)
CAROLINE McHUGH (*pro hac vice*)
jsolano@dynamisllp.com
cmchugh@dynamisllp.com
(973) 295-5495
233 Broadway, Suite 1750
New York, NY 10279

YUSEF AL-JARANI (*pro hac vice*)
yaljarani@dynamisllp.com
(213) 283-0685
1100 Glendon Avenue, 17th Floor
Los Angeles, California 90024

**Parkinson | Benson | Potter**
D. Loren Washburn (Bar No. 10993)
Cliff Parkinson
loren@pbp.law
cliff@pbp.law
801-643-1420
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098

*Attorneys for Plaintiff Marciano Brunette*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| MARCIANO BRUNETTE,<br><br>     *Plaintiff*,<br><br>   v.<br><br>DEMI ENGEMANN and JEFF JENKINS PRODUCTIONS, LLC,<br><br>     *Defendants*. | **STIPULATED MOTION TO HOLD PENDING MOTIONS IN ABEYANCE**<br><br>No. 2:25-cv-01102-TC-DAO<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Marciano Brunette ("Brunette"), with the consent of Defendants Demi Engemann ("Engemann") and Jeff Jenkins Productions LLC ("JJP") (together with Brunette, the "Parties"), respectfully submits this stipulated motion to hold in abeyance the motions pending at ECF Nos. 30, 33, and 57 pending the filing of a stipulation of dismissal of this action with prejudice.

**RELIEF SOUGHT AND GROUNDS IN SUPPORT**

The Parties have reached a settlement that resolves all claims among them in this action. Under the terms of the settlement agreement, counsel for the Parties will execute a stipulation of dismissal of this action with prejudice under Fed. R. Civ. P. 41(a)(1)(A)(ii), which Brunette's counsel will file no later than twenty-five (25) days after the agreement's effective date. Brunette accordingly requests, with the consent of all Parties, that the Court hold in abeyance Engemann's Motion to Dismiss (ECF No. 30), JJP's Motion for Judgment on the Pleadings, Summary Judgment, and Fees (ECF No. 33), and Brunette's Motion under Rule 56(d) (ECF No. 57) pending the filing of that stipulation.

The grounds for the requested relief are that: (1) the Parties have settled and anticipate filing a stipulation of dismissal with prejudice within twenty-five days; (2) the pending motions will be moot upon that filing, and deciding them in the interim would expend the Court's and the Parties' resources on questions the settlement resolves; (3) the Court has already stayed discovery and the entry of a scheduling order, so holding the motions in abeyance disturbs no existing deadline and prejudices no Party; and (4) all Parties consent to the relief requested.

**BACKGROUND**

Brunette filed this action on December 5, 2025. (ECF No. 1.). On February 17, 2026, Engemann moved to dismiss under Utah's Uniform Public Expression Protection Act, Utah Code

§§ 78B-25-101 et seq. ("UPEPA"), or alternatively under Fed. R. Civ. P. 12(b)(6), and requested fees under UPEPA. (ECF No. 30.) The same day, JJP moved for summary judgment, for judgment on the pleadings, and for fees under UPEPA. (ECF No. 33.) On March 27, 2026, Brunette moved under Fed. R. Civ. P. 56(d) to deny or defer JJP's motion for summary judgment. (ECF No. 57.)

On May 27, 2026, the Court stayed discovery and the entry of a scheduling order. (ECF No. 77.) On July 15, 2026, the Court heard argument on ECF Nos. 30, 33, and 57, took those motions under advisement, left the discovery stay in place, and ordered supplemental briefing. (ECF Nos. 78, 79.) The deadline for supplemental briefing was subsequently extended. (ECF Nos. 80, 81.)

The Parties have since reached a settlement resolving all claims among them in this action. Consistent with the terms of that settlement, counsel will execute a stipulation of dismissal of this action with prejudice under Fed. R. Civ. P. 41(a)(1)(A)(ii), to be filed no later than twenty-five (25) days after the agreement's effective date, and the Parties have agreed to request that the pending motions be held in abeyance pending that filing.

Counsel for Engemann and JJP have authorized the undersigned to jointly sign and file this motion on their behalf, as reflected in the signature blocks below.

## ARGUMENT

This Court has inherent authority to hold the pending motions in abeyance. The Supreme Court has stated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (the decision to stay pretrial proceedings

rests in the sound discretion of the trial court). In deciding whether to stay proceedings pending settlement, courts in this District consider: "(1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship." *Alter v. FDIC*, No. 2:13-CV-456 TS, 2014 WL 4257768, at *1 (D. Utah Feb. 27, 2014) (unpublished). Each factor favors the requested relief.

*First*, abeyance promotes judicial economy. The Parties have resolved this action in its entirety, and the forthcoming stipulation of dismissal will render ECF Nos. 30, 33, and 57 moot. As in *Alter*, "should the parties reach a settlement . . . a ruling on Defendants' pending motions to dismiss will be obviated." *Id.* Deciding a UPEPA motion to dismiss, a motion for summary judgment and judgment on the pleadings, and a Rule 56(d) motion that no Party will press would expend the Court's and the Parties' resources on questions the settlement has already answered.

*Second*, abeyance avoids confusion and inconsistent results. A ruling on the pending motions could address the enforceability and scope of documents the Parties have now resolved by agreement, creating tension between the Court's ruling and the Parties' settlement.

*Third*, no Party will be prejudiced and no hardship will result. Discovery and the entry of a scheduling order are already stayed (ECF No. 77), no scheduling order has issued, and no trial date has been set, so the requested abeyance disturbs no deadline. The relief is brief and self-limiting: the stipulation of dismissal is due within twenty-five days of the settlement agreement's effective date, and should it not be filed within that period, Brunette will promptly notify the Court and the pending motions may be restored to the Court's calendar.

## CONCLUSION

For the foregoing reasons, and with the consent of all Parties, Brunette respectfully requests that the Court hold ECF Nos. 30, 33, and 57 in abeyance pending the filing of a stipulation of dismissal of this action with prejudice, to be filed no later than twenty-five (25) days after the effective date of the Parties' settlement agreement. A proposed order is attached hereto.

Dated:  August 5, 2026

Respectfully submitted,

**Parkinson | Benson | Potter**

*/s/ D. Loren Washburn*
D. Loren Washburn (Bar No. 10993)
Cliff Parkinson
loren@pbp.law
cliff@pbp.law
801-643-1420
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098

**DYNAMIS LLP**

*/s/ Jamie H. Solano*
Eric S. Rosen (*pro hac vice*)
Jamie H. Solano (*pro hac vice*)
Brooke Watson (*pro hac vice*)
Yusef Al-Jarani (*pro hac vice*)
Caroline McHugh (*pro hac vice*)

*Attorneys for Plaintiff Marciano Brunette*

**PARSONS BEHLE & LATIMER**

*/s/ Julianne P. Blanch\**
Julianne P. Blanch (Bar No. 6495)

*Attorneys for Defendant Demi Engemann*

**PARR BROWN GEE & LOVELESS, P.C.**
**CAMERON STRACHER, PLLC**

*/s/ David C. Reymann\**
David C. Reymann (Bar No. 8495)
Cameron Stracher (*pro hac vice*)

*Attorneys for Defendant Jeff Jenkins
Productions LLC*

*\* Signed by Jamie Hoxie Solano with
permission*